STATE OF CONNECTICUT *v.* LYMAN F. SWIFT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued April 4—decided May 5, 1939.

*Perry J. Hollandersky,* for the appellant (defendant).

*Edwin W. Higgins,* prosecuting attorney, for the appellee (plaintiff).

JENNINGS, J. The defendant appealed from the denial by the trial court of his motion to set the verdict aside. As regards the count charging intoxication, not only was the evidence sharply conflicting, but the defendant did not press any claim of error as to it in his brief. As regards the count charging him with operating a motor vehicle while under the influence of intoxicating liquor, the evidence was also sharply conflicting as to whether the defendant was operating the car before the accident. The jury could have found that he was, and this would be sufficient to sustain the denial by the trial court of his motion to set the verdict aside as regards this count. There was no error in the ruling of the trial court upon the motion.

The defendant also appealed from the judgment,

and this appeal is confined to claimed errors in the charge of the court as to what constitutes operation of a motor vehicle.

The finding, which is not attacked, shows that the state offered evidence to prove and claimed to have proved the following facts: The night of March 17-18, 1938, was cold, stormy and the visibility was very bad. After visiting various dramshops in New London during the evening and partaking of intoxicating liquors, the defendant drove a car to Norwich via the submarine base and returned to New London via Montville and Waterford. In an attempt to avoid another car on Williams Street in New London, the defendant drove his car into a bank. He was under the influence of intoxicating liquor at the time (2 a.m.). Police officers arrived on the scene immediately thereafter and found the defendant sitting behind the wheel attempting to start the engine of the car while Dennison, the only other occupant of the car at the time of the accident, was attempting to push it.

The defendant offered evidence to prove and claimed to have proved the following facts: He was not under the influence of intoxicating liquor and did not operate the car after it left the base but Dennison was driving. He was wakened out of a sound sleep by the crash and, when Dennison got out, slipped into the driver's seat and tried to get the car out of its position near the embankment but could not get the engine started. The left front wheel of the car was broken and it was otherwise damaged. Up to the time of the trial in the police court, Dennison said that he was the driver but he there testified that the defendant was the driver.

Numerous errors in the charge are assigned but they may be considered under three heads. The first claim of the defendant is that the issue as to whether the

defendant was driving the car before the accident should not have been submitted to the jury at all. He bases this claim on the fact that the trial judge had some difficulty in finding out from the prosecuting attorney whether the state relied on this issue. Reliance on this issue is sufficiently indicated in the finding, by which the charge must be tested. *Tuckel v. Hartford,* 118 Conn. 334, 336, 172 Atl. 222. The submission was proper.

Secondly, the defendant claims that the issue as to whether the defendant was operating the car after the accident should not have been submitted to the jury under the claims of proof. The finding is not as definite on this point as it might have been. As stated above, the state claimed that the defendant was sitting behind the wheel and was trying to drive the car out of its position and to start the engine while Dennison was trying to push it. It made no definite claim that the car could be started. The defendant made the same claims and added that the defendant could not start the engine and that the left front wheel of the car was broken. He made no definite claim that the car could not be started. The fair import of the charge was to leave to the jury the question as to whether the car or its engine could be operated and, under the claims of proof, that was correct.

Thirdly, the defendant claims that the charge on the subject of operation was incorrect. The definition given was as follows: "First, it must be established that the accused was at the time alleged operating a motor vehicle, and second, it must also be established that at the time alleged, while he was operating the motor vehicle he was under the influence of intoxicating liquor. You will notice, gentlemen, that the statute which I have read to you refers to persons who shall operate a motor vehicle, and is not confined to

persons who shall drive a motor vehicle. A person operates a motor vehicle within the meaning of this statute, when in the vehicle he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle. So if you find that the accused, while under the influence of intoxicating liquor, got into the automobile, while it was standing [at the] side of the street, and manipulated the machinery of the motor for the purpose of putting the automobile into motion, the accused being in the car and in a position to control its movements, the accused would be guilty of operating a car under the influence of intoxicating liquor, whether the automobile moved or not."

This definition was later applied to the facts of the case and was then modified as follows: "Perhaps I ought . . . to make this additional statement. If this automobile had been so injured . . . that there were no wheels on it, that the body rested upon the ground, and there could be no question but what the automobile was not susceptible of being moved, you would have a different question here before you, gentlemen."

The first definition was substantially approved in *Commonwealth* v. *Uski*, 263 Mass. 22, 24, 160 N. E. 305, the court adding that the words operation of a motor vehicle "include the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the motor machinery." While this court has not had occasion to pass on it directly, its approval has been foreshadowed. *Stroud* v. *Water Commissioners*, 90 Conn. 412, 414, 97 Atl. 336; *Nichols* v. *Watson*, 119 Conn. 637, 640, 178 Atl. 427. See also *Commonwealth* v. *Henry*, 229 Mass. 19, 22, 118 N. E. 224 (citing the *Stroud* case); *Commonwealth* v. *Clarke*, 254 Mass. 566, 568, 150 N.

E. 829. In *Dewhirst* v. *Connecticut Co.*, 96 Conn. 389, 114 Atl. 100, the plaintiff's truck having become disabled was being pushed into a garage by another truck not belonging to him and was left for a moment with its rear end projecting over the defendant's tracks, resulting in its being struck by a trolley car of the defendant; plaintiff's driver was not on it at the time and had nothing to do with the pushing of the truck into the garage. We held that the plaintiff was not debarred of a recovery under a statute then in effect which provided that no owner of a motor vehicle not legally registered could recover for injury received by reason of its operation upon a public highway. Whether we could now accept that decision as a correct exposition of the law, we need not inquire. Certainly the plaintiff's driver was not operating the truck at the time of the accident.

The definition referred to provides that "A person operates a motor vehicle . . . when . . . he . . . does any act . . . which . . . will set in motion the motive power of the vehicle." A person could not be said to be operating a car with no engine in it if he entered it and manipulated the controls nor would this fall within the definition given. A car which is totally disabled cannot be said to have been operated. Except where the statute in terms covers the situation, as in *State* v. *Storrs,* 105 Vt. 180, 163 Atl. 560, no case has been cited or found which contradicts the proposition last stated. 42 A. L. R. 1501; 49 id. 1393; 68 id. 1358; 8 Blashfield, Automobile Law, § 5393; Berry, Automobiles (7th Ed.) §§ 2.191, 3.74, 5.386; Huddy, Automobile Law (9th Ed.) Vol. 9-10, § 17. It was doubtless to cover the contingency that this car could not be operated at all in its then condition that the illustration quoted from the charge was given. In the absence of any request to charge, the definition with

its limitation was adequate for the guidance of the jury.

After the evidence and arguments were closed, court was adjourned for the day. The next morning the defendant moved to reopen the case to enable him to offer the evidence of a mechanic as to the condition of the car after the accident. The motion was denied. The finding shows that the question as to whether the defendant operated the car after the accident was an issue in the case, perhaps the most important issue, and that this offer was an afterthought. The denial of the motion, under these circumstances, was within the discretion of the trial court. It does not appear to have been unreasonably exercised. *Wood* v. *Holah,* 80 Conn. 314, 315, 68 Atl. 323; *Hayward* v. *Plant,* 98 Conn. 374, 382, 119 Atl. 341; *Meakim* v. *Anderson,* 11 Barb. (N. Y.) 215, 223.

There is no error.

In this opinion the other judges concurred.