## Sebastian Jackson et al. *v.* Lucille Johnson
## (4640)

Dupont, C. J., Borden and Spallone, Js.

Submitted on briefs October 10—decision released December 16, 1986

*Michael W. Levy* filed a brief for the appellant (plaintiff).

*Robert C. Danaher* filed a brief for the appellee (defendant).

Dupont, C. J. This is an appeal from the granting of the defendant's motion for summary judgment. The plaintiff is the minor son of the defendant.[1] He sustained injuries to his eye when he rollerskated into the bent antenna of a car which the defendant had parked

---

[1] The suit was instituted on behalf of the minor plaintiff by his sister. As used in this decision, the word plaintiff refers to the minor child.

in the driveway of the family home. The car had been loaned to the defendant by an automobile dealer while her own car was being repaired. It is not disputed that after the car had been parked, it stalled and could not be started again, that the defendant informed the dealer she could not start the car, that it was not moved until the dealer removed it a week later, and that the plaintiff's injuries were sustained two days after the car was parked.

The motion for summary judgment was granted because of the doctrine of parental immunity which prohibits negligence actions by unemancipated minors against their parents. The plaintiff claims that General Statutes § 52-572c[2] abrogated that doctrine on the facts of this case.[3] That statute abolishes the usual immunity of a parent and child from suit against each other in actions brought by one against the other for negligence in the operation of a motor vehicle. The sole issue of this appeal, therefore, is whether the defendant

[2] General Statutes § 52-572c provides: "In all actions for negligence in the operation of a motor vehicle, and in all actions accruing on or after October 1, 1979, for negligence in the operation of an aircraft or vessel, as defined in section 15-127, resulting in personal injury, wrongful death or injury to property, the immunity between parent and child in such negligence action brought by a parent against his child or by or on behalf of a child against his parent is abrogated."

[3] The plaintiff also argues that this court should modify the doctrine of parental immunity in cases in which the parent has insurance. The doctrine has been modified to allow suits against a parent by a minor child for negligence if an injury occurs in the course of a business activity conducted by a parent away from the home. *Dzenutis* v. *Dzenutis*, 200 Conn. 290, 512 A.2d 130 (1986). Although the likely availability of insurance coverage, as is recognized by General Statutes § 52-572c, may be pertinent in determining whether the doctrine should be abolished in certain types of cases, different rules of law should not be used for the insured and the uninsured. Id., 299. Since the prevalence of liability insurance probably exists in the same general degree in both the home and business scene, there appears to be little reason to retain the doctrine of parental immunity for negligence in the former case, but to abolish it in the latter case. The Supreme Court, however, has not yet so held. *Dzenutis* v. *Dzenutis*, supra, 299.

was "operating" a motor vehicle at the time the plaintiff was injured.

The term "operation" has been held to include situations in which the vehicle is parked or standing still provided that such a position is incident to travel. *State v. Swift,* 125 Conn. 399, 403–404, 6 A.2d 359 (1939); *Nichols* v. *Watson,* 119 Conn. 637, 640, 178 A. 427 (1935); *Dewhirst* v. *Connecticut Co.,* 96 Conn. 389, 391–92, 114 A. 100 (1921); *Stroud* v. *Water Commissioners,* 90 Conn. 412, 414, 97 A. 336 (1916). However, a stop incident to movement is not the situation presented by the present case. Here, the record discloses that the car was disabled and had not been, nor could it be, moved by the defendant.

General Statutes § 31-293a, allows suits against fellow employees, as an exception to the inability of one employee to sue another employee, in cases arising under the workers' compensation act if there is "negligence in the operation of a motor vehicle." Cases decided pursuant to that statute are instructive. General Statutes § 31-293a and General Statutes § 52-572c use identical language in framing the exception, and in this case we follow those cases which have interpreted General Statutes § 31-293a. Injuries sustained which are unrelated to the movement of the vehicle, or the circumstances of the movement of the vehicle, do not arise in the course of the operation of the motor vehicle. *Dias* v. *Adams,* 189 Conn. 354, 360, 456 A.2d 309 (1983); *Davey* v. *Pepperidge Farms, Inc.,* 180 Conn. 469, 472 n.1, 429 A.2d 943 (1980); *Conti* v. *Rose Hill Poultry Co.,* 3 Conn. App. 246, 248, 486 A.2d 1145 (1985); *Kegel* v. *McNeely,* 2 Conn App. 174, 178, 476 A.2d 641 (1984). In fact, as is the case here, "[a] car which is totally disabled cannot be said to have been operated." *State* v. *Swift,* supra, 404.

There is no error.

In this opinion the other judges concurred.