STATE OF CONNECTICUT *v.* THOMAS O. MCSHEA
(5159)

BORDEN, BIELUCH and SATTER, Js.

Argued May 6—decision released June 23, 1987

*Charles K. Thompson,* with whom, on the brief, was *James F. Shields,* for the appellant (defendant).

*Mitchell S. Brody,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark,* assistant state's attorney, and *Cathryn Krinistsky,* deputy assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a jury trial, of operating a motor vehicle while under the influence of liquor in violation of General Statutes § 14-227a. The sole issue of this appeal is whether there was sufficient evidence to establish that the defendant operated his motor vehicle while under the influence of liquor. We conclude that there was, and find no error.

The defendant does not challenge the sufficiency of the evidence that he was intoxicated. He challenges only the sufficiency of the evidence that he was *intoxicated while operating* his car.

That evidence was as follows: On November 11, 1985, at approximately 2:19 p.m., the Wallingford police department was notified of a motor vehicle accident at 1175 Old Colony Road. In that area, Old Colony Road is a two lane public highway, and is a busy main artery connecting Wallingford and Meriden. Officer Michael Cei of the Wallingford police department, who had worked in the accident motor vehicle investigation unit for four years, was dispatched to the scene and arrived there at approximately 2:29 p.m. The pavement was wet. There was a green car tilted with its right wheels on concrete blocks situated between the sidewalk and the road, and its left wheels bordering the side of the road. The doors of the car were closed and the keys were in the ignition. The defendant was asleep in the driver's seat. On the front seat next to him was an empty half-pint brandy bottle, and empty beer cans were scattered across the floor. Less than an hour and a half earlier, at approximately 1 p.m., the defendant had been observed with an unopened six pack of beer

on the front seat of his car. Cei awoke the defendant, who was highly intoxicated. The defendant admitted being the driver of the car. Cei estimated, on the basis of his experience and the fact that Old Colony Road was a busy artery, that no more than five minutes elapsed between the time of the accident and notification of it to the police, and that he arrived on the scene ten minutes after that notification. Cei further testified that there was not enough time between the accident and his arrival on the scene for the defendant to have consumed, during that period of time, a sufficient amount of liquor to reach the high level of intoxication in which he was found. Cei arrested the defendant and took him to the police station, where the defendant refused to take a chemical test.

A guilty verdict must stand if the " 'jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt.' " *State* v. *Dumlao,* 3 Conn. App. 607, 613, 491 A.2d 404 (1985), quoting *State* v. *Giorgio,* 2 Conn. App. 204, 211, 477 A.2d 134 (1984). The evidence must be viewed most favorably to sustaining the verdict. *State* v. *Dumlao,* supra. Proof beyond a reasonable doubt means proof which precludes every reasonable hypothesis of innocence, is consistent with guilt, and is inconsistent with any other rational conclusion. Id., 616. It need not, however, preclude every possible hypothesis of innocence. *State* v. *Liscio,* 9 Conn. App. 121, 126–27, 516 A.2d 1366 (1986), cert. denied, 202 Conn. 803, 519 A.2d (1987).

On the basis of all the evidence presented, the jury could have reasonably inferred that the defendant was intoxicated while he was driving the car. A sufficient basis for this inference was created by the following evidence: the time and location of the accident and the

precarious position of the vehicle; the presence of the defendant behind the wheel; the empty half-pint brandy bottle and empty beer cans scattered across the floor; the defendant's admission that he was driving the car; the evidence regarding the time sequence and its relationship to the defendant's degree of intoxication; and the defendant's refusal to take a chemical test.[1]

The defendant argues that it was just as likely an inference from the evidence that he consumed liquor while sitting in the car after the accident. The defendant, by this argument, is attempting to revive the discredited notion that, if any piece of evidence could yield contrary inferences, it must be given a construction consistent with innocence rather than with guilt. That is not our law. "It is clear that, in viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt, and is not required to draw only those inferences consistent with innocence." *State* v. *Dumlao,* supra, 616; see also *State* v. *Rodgers,* 198 Conn. 53, 59, 502 A.2d 360 (1985).

The defendant's reliance on *State* v. *DeCoster,* 147 Conn. 502, 162 A.2d 704 (1960), is unavailing. In that case, our Supreme Court held that the evidence was insufficient to support the defendant's conviction for the same offense under similar circumstances. The court stated: "No one had seen [the defendant] operating the car, and there was no evidence to show how long it had been standing in the place where it was found." Id., 504. In this case, however, there was competent opinion evidence showing how long the car had been in place and, additionally, that there was insuffi-

[1] General Statutes § 14-227a (f) provides in pertinent part that "[i]n any criminal prosecution for a violation of subsection (a) . . . of this section . . . the court shall instruct the jury as to any inference that may or may not be drawn from the defendant's refusal to submit to a blood, breath or urine test."

cient time for the defendant to drink enough alcohol to reach his level of intoxication. Moreover, in this case, there was an admission by the defendant that he was operating the car and evidence that he refused to take a chemical test. See footnote 1. Thus, *State* v. *DeCoster,* supra, is distinguishable.

There is no error.

In this opinion the other judges concurred.