STATE OF CONNECTICUT *v.* DEAN MARQUIS
(9578)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued March 19—decision released April 23, 1991

*Robert P. Hanahan,* for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *John Connelly,* state's attorney, and *Maureen Keegan,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. This is an appeal from the defendant's conviction of operation of a motor vehicle while under the influence of liquor in violation of General Statutes § 14-227a (a). The sole issue on appeal is whether the defendant was operating his vehicle within the meaning of the statute.[1]

The defendant contends that his conviction cannot be upheld because he did not intend to operate his vehicle at the time he was arrested. In accordance with our decision in *State* v. *Ducatt*, 22 Conn. App. 88, 575 A.2d 708, cert. denied, 217 Conn. 804, 584 A.2d 472 (1990), we affirm the trial court's judgment of conviction rendered after a jury verdict of guilty.

The jury of six in this case could have reasonably found certain facts. The defendant was drinking beer at an inn in Woodbury on the evening of May 12, 1990. In the early hours of May 13, 1990, a Woodbury police officer found the defendant leaning against the door of his pickup truck in the parking lot of the inn. The officer left and later returned to find the defendant asleep, sitting in the front seat of his truck with his head resting on the steering wheel. The key was in the ignition and the engine was running. The defendant awoke, and admitted to the officer that he was intoxicated. The officer administered field sobriety tests, which the defendant failed. Thereafter, he was arrested.

The defendant argues that he went to his truck to sleep and turned the key in the ignition solely for the purpose of running the heater to keep the cab warm. He maintains that he did not intend to drive the truck and is not, therefore, culpable under the statute.

---

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both."

An intention to move a vehicle is not an element of the offense of General Statutes § 14-227a (a), operation of a motor vehicle while under the influence. *State* v. *Ducatt,* supra. We held in that case that the state is required to prove only that the accused, while legally intoxicated, "manipulates, for any purpose, the machinery of the motor or any other machinery manipulable from the driver's position that affects or could affect the vehicle's movement, whether the accused moves the vehicle or not." Id., 93; see *State* v. *Swift,* 125 Conn. 399, 402–403, 6 A.2d 359 (1939).

The judgment is affirmed.