[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Laurie Kozak appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of her blood after being arrested for driving while under the influence of alcohol in violation of § 14227a. The plaintiff appeals pursuant to § 4-183.
At the administrative hearing, the report of the state trooper who arrested the plaintiff was admitted in evidence without objection. There was no testimony or other evidence. The trooper's statements in his report, therefore, constituted all of the evidence that formed the basis of the hearing officer's decision.
The plaintiff advances two arguments in support of her appeal: (1) that the police illegally stopped her prior to determining that there was probable cause for her arrest; and (2) that there was insufficient evidence to support the hearing officer's finding that she was the CT Page 1553 operator of the vehicle.
The short answer to the plaintiff's first claim is that the police did not stop or detain her prior to determining there was probable cause to arrest her. A state trooper patrolling Route I-84 at 2:40 A.M. observed the plaintiff's vehicle on the shoulder of the highway, stopped, brake lights on. When he approached the vehicle, the plaintiff immediately exhibited unmistakable signs of advanced intoxication. The trooper observed also that the vehicle's ignition switch was in the "on" position.
There was no investigatory stop. Even if the trooper's investigation could be construed as a "stop," however, it was completely justified. Indeed, the trooper would have been derelict in his duty if he had not investigated a vehicle stopped in the middle of the night, in the breakdown lane of an interstate highway, occupied by a lone individual.
The plaintiff's claim that there was insufficient evidence that she was operating the vehicle is similarly without merit. The trooper found her behind the wheel, ignition on. That's operation. State v. Swift,125 Conn. 399. (1939).
The appeal is dismissed.
MALONEY, J.