[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Richard Hill appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after being arrested on a charge of operating a vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the request of plaintiff's counsel, the court excused the plaintiff from being present at oral argument on this appeal.
In his brief, the plaintiff advances four arguments in support of his appeal: (1) that there was insufficient proof of the time when he was operating his vehicle; (2) that the hearing officer wrongfully admitted in evidence the police officer's narrative report as a supplement to the A-44 form; (3) that the police officer lacked authority to arrest the plaintiff on an interstate highway; and (4) that the hearing officer failed to consider the plaintiff's evidence. CT Page 14156
Time of Operation
The police officer's report states that he found the plaintiff alone in his vehicle with the engine running at 9:32 PM on March 10, 1995. That is sufficient evidence that the plaintiff was operating the vehicle at that time. State v. Swift,125 Conn. 399 (1939).
Narrative Report
This court has repeatedly held that a police officer's narrative report may be admissible as a supplement to the A-44 report form. See, e.g., Feld v. Commissioner, Superior Court. judicial district of Hartford/New Britain at Hartford, Docket No. CV94 070 51 72 (April 12, 1995, Maloney, J.). The reasoning of that case is fully applicable here.
Authority of Arresting Officer
The arresting officer is a member of the Manchester Police Department. He arrested the plaintiff on Interstate Highway 384 where it passes through Manchester. The plaintiff contends that the state police have exclusive jurisdiction over interstate highways. He offers no statutory or other authority in support of this theory. It may not be sustained.
Plaintiff's Expert Evidence
The report of the plaintiff's expert was introduced in evidence at the administrative hearing. If believed, it would tend to prove that the results of the breath tests were not reliable evidence of the alcohol content of the plaintiff's blood at the time he was operating the vehicle.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." Furthermore, "Judicial review of CT Page 14157 conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light PowerCo. v. Dept. of Public Utility Control, 219 Conn. 51, 57-58
(1991).
Under the circumstances of the present case, General Statutes § 14-227b(f), creates a presumption that the results of the test indicated the alcohol level at the time of operation. The hearing officer was entitled, in accordance with the general principles of administrative law summarized above, to give such weight as he deemed appropriate to any contrary evidence and could disregard it entirely.
For all of the reasons set forth above, the appeal is dismissed.
MALONEY, J.