[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS TO SUPPRESS ANDDISMISS
Defendant has filed motions to dismiss and suppress based on his arrest for driving while under the influence. CT Page 4151
At approximately 11:35 p. m. on February 25, 1995, Officer Wines of the North Haven Police Department was on routine patrol.[1] He observed a 1991 Plymouth Sundance parked in the lot of the Holiday Inn. Upon investigation, the officer found the engine running, the interior light on, and the defendant unconscious in the driver's seat. The defendant was slumped over on to the passenger seat. On the floor of the passenger side were several beer bottles in an open bag. The officer was unable to awaken defendant from outside the vehicle. Even turning on the siren of his patrol car was to no avail. The defendant finally was roused when the officer opened the unlocked driver's side door and shook him awake. Upon opening the door, the officer immediately detected a strong odor of alcohol. The defendant was extremely disoriented, and did not know where he was. He staggered as he got out of his car and had to grab on to the door for balance. The defendant attempted field sobriety tests from approximately 11:45 to 11:55 p. m. without success. He was then placed under arrest and transported to police headquarters. At the police station, defendant stated he had consumed six beers between 10 p. m. and 11:30 p. m. at his apartment in Branford. After notice of rights and implied consent advising, defendant submitted to two urine tests. The results showed .26 and .23 respectively.
The defendant claims there was no probable cause for his arrest as he was not "operating" the motor vehicle at the time of his arrest. Defendant's reliance on State v. Swift,125 Conn. 399, 6 A.2d 359 (1939) in support of this claim is misplaced. InState v. Ducatt, 22 Conn. App. 88 (1990), the court notes an ambiguity in Swift with regard to the intent needed to constitute operation. The court held that
 An accused operates a motor vehicle within the meaning of General Statutes § 14-227a(a) when, while under the influence of alcohol or any drug and while in the vehicle and in a position to control its movements, he manipulates, for any purpose, the machinery of the motor or any other machinery manipulable from the driver's position that affects or could affect the vehicle's movement, whether the accused moves the vehicle or not. See State v. Swift, supra. The trial court correctly refused to instruct the jury that it had to find that the defendant had intended to move the vehicle. CT Page 4152
 Ibid, p. 93, see also State v. Englehart, 158 Conn. 117, 256 A.2d 1231 (1969).
Insofar as defendant has stipulated to all facts contained in the police report for purposes of these motions the fact that the motor was running while defendant was in the driver's seat put defendant "in a position to control" the movement of the automobile.
Defendant also claims the results of the urine test should be suppressed as they were not taken within two hours after operation of the motor vehicle as required by General Statutes § 14-227 (b). The first urine test was given at 12:15 a.m. The second was at 12:55 a.m. The defendant stated he was drinking in his apartment between 10 and 11:30 p. m. As defendant was found in the parking lot shortly thereafter, it is reasonable to conclude that after drinking the two beers he got in his car and drove to the Holiday Inn. Even had he left his house at 10 p. m. (which is unlikely as defendant stated he did not begin drinking until 10 p. m.), the first test was clearly within two hours allowing for driving time. It is more likely that it took defendant some time to consume six beers if he started at 10 p. m. One could reasonably conclude both tests were within two hours. Because of defendant's statements as to time, the record is not clear that the tests must be suppressed. Even were the tests suppressed, there is ample evidence for this case to proceed on the testimony of the police officer alone.
Finally, defendant claims the state cannot prove its case and that to continue the prosecution would violate defendant's constitutional rights. While the evidence in this case with regard to operation is basically circumstantial, reasonable inferences drawn from evidence will support a conviction. SeeState v. Englehart, supra. On the issue of intoxication, the testimony of the officer, if credited, would support a conviction independent of any test. Nor is there any doubt the officer would be permitted to testify on the issue of intoxication. State v.Lamme, 19 Conn. App. 594, 601-607 (1989).
For the foregoing reasons, defendant's motions to suppress and dismiss are denied.
DiPentima, J.