STATE OF CONNECTICUT *v.* RONALD ANGUEIRA
(AC 17730)

Foti, Schaller and Sullivan, Js.

Argued November 10, 1998—officially released February 16, 1999

*Robert J. McKay*, with whom, on the brief, was *Gregory A. Thompson*, for the appellant (defendant).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Juliett Crawford*, former supervisory assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant appeals from the judgment of conviction of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a).[1] On appeal, the defendant claims that the trial court improperly (1) denied his motion to dismiss on the basis of its determination that the stipulated facts were sufficient for both the police and the trier to conclude that the defendant "operated" his motor vehicle while under the influence of liquor and (2) refused to suppress the results of the defendant's urine tests because the tests were not commenced within two hours of operation in violation

---

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense . . . if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is tenhundredths of one per cent or more of alcohol, by weight."

of General Statutes § 14-227a (c).[2] We affirm the judgment of the trial court.

At the hearing on the defendant's motions, the parties stipulated to the facts stated in the police report. On the basis of the stipulation, the trial court recited the following facts in its memorandum of decision: "At approximately 11:35 p.m. on February 25, 1995, Officer James Wines of the North Haven police department was on routine patrol. He observed a 1991 Plymouth Sundance parked in the lot of the Holiday Inn. Upon investigation, the officer found the engine running, the interior light on, and the defendant unconscious in the driver's seat. The defendant was slumped over onto the passenger seat. On the floor of the passenger side were several empty beer bottles in an open bag. The officer was unable to awaken the defendant from outside the vehicle. Even turning on the siren of his patrol car was to no avail. The defendant finally was roused when the officer opened the unlocked driver's side door and shook him awake. Upon opening the door, the officer immediately detected a strong odor of alcohol. The defendant was extremely disoriented and did not know where he was. He staggered as he got out of his car and had to grab onto the door for balance. The defendant attempted field sobriety tests from approximately 11:45 to 11:55 p.m. without success. He was then placed under arrest and transported to police headquarters. At the police station, the defendant stated that he had consumed six beers between 10 p.m. and 11:30 p.m. at his apartment in Branford. After the defendant received

[2] General Statutes § 14-227a (c) provides in relevant part: "Except as provided in subsection (d) of this section, in any criminal prosecution for violation of subsection (a) or (b) of this section, evidence respecting the amount of alcohol or drug in the defendant's blood or urine at the time of the alleged offense, as shown by a chemical analysis of the defendant's breath, blood or urine shall be admissible and competent provided . . . (6) evidence is presented that the test was commenced within two hours of operation. . . ."

notice of his rights and of his implied consent to blood alcohol testing, he submitted to two urine tests. The results showed 0.26 and 0.23 respectively."

The defendant filed a motion to dismiss the charge and a motion to suppress the results of his urine tests. The defendant claimed in both motions that he was not operating the motor vehicle at the time of his arrest. He argued that the state could not prove an essential element of § 14-227a (a) and that the police did not have probable cause for his arrest. The defendant also claimed that the results of his urine tests were not admissible because, in the absence of evidence of operation, there was no showing that the tests were taken within two hours of operation as required by § 14-227a (c). After the trial court denied the defendant's motions to dismiss and suppress on the basis of stipulated facts, the defendant entered a conditional plea of nolo contendere. This appeal followed.

I

The defendant first claims that the trial court improperly denied his motion to dismiss on the basis of its conclusion that the facts were sufficient to show that the defendant operated his motor vehicle while under the influence of liquor. Generally, the defendant claims that, as a matter of law, given the facts as stipulated in this case, he was not operating his motor vehicle. The defendant argues in particular that the element of operation could not be established because no one "observe[d] [him] operating the automobile, nor was there any evidence of any time of operation." Thus, he claims that the trial court improperly determined that the police had probable cause to arrest him and that the state could prove the essential element of operation.[3] We disagree.

[3] The defendant did not challenge the state's ability to establish the element of the offense that requires the operation of a motor vehicle in one of the

The relevant inquiry here is what constitutes operation within the meaning of § 14-227a (a). In *State* v. *Ducatt*, 22 Conn. App. 88, 93, 575 A.2d 708, cert. denied, 217 Conn. 804, 584 A.2d 472 (1990), we clarified the meaning of operation, which had been previously stated by our Supreme Court in *State* v. *Swift*, 125 Conn. 399, 6 A.2d 359 (1939). In *Swift*, the court established the distinction between "driving" and "operating" when it approved the following jury instruction on the element of operation: "[T]he statute . . . refers to persons who shall operate a motor vehicle, and is not confined to persons who shall drive a motor vehicle. A person operates a motor vehicle within the meaning of this statute, when in the vehicle he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle. So if you find that the accused, while under the influence of intoxicating liquor, got into the automobile, while it was standing [at the] side of the street, and manipulated the machinery of the motor for the purpose of putting the automobile into motion, the accused being in the car and in a position to control its movements, the accused would be guilty of operating a car under the influence of intoxicating liquor, whether the automobile moved or not." Id., 402–403.

In *Ducatt*, we clarified the meaning of operation by holding that the statute does not require the state to prove that the defendant intended to move the vehicle, but, rather, that the defendant, "while under the influence of alcohol . . . and while in the vehicle and in a position to control its movements . . . manipulate[d], for any purpose, the machinery of the motor or any other machinery manipulable from the driver's position that affects or could affect the vehicle's movement, whether the accused moves the vehicle or not." *State*

prohibited areas listed in § 14-227a (a). Accordingly, we do not address that issue.

v. *Ducatt*, supra, 22 Conn. App. 93. The requisite intent could be, for example, merely "to engage the ignition or manipulate the gearshift or release the parking brake." Id., 92; see also *State* v. *Marquis*, 24 Conn. App. 467, 469, 589 A.2d 376 (1991).

In this case, it is clear that the police had probable cause to believe that the defendant "operated" his motor vehicle, as that term is used in § 14-227a (a). "Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that [an offense] had been committed." (Internal quotation marks omitted.) *State* v. *Torres*, 182 Conn. 176, 189, 438 A.2d 46 (1980). Here, the police found the defendant seated behind the wheel of his car, unconscious and slumped over into the passenger seat. The engine was running and the interior light was on. The police aroused the defendant with great difficulty. The defendant was disoriented and staggered when he got out of his car. His breath smelled strongly of alcohol and he failed several field sobriety tests. On the basis of those facts, we conclude that the police had probable cause to arrest the defendant.

With regard to the defendant's argument that direct eyewitness testimony is required to prove operation for the purpose of probable cause, our courts have repeatedly held that direct evidence of operation is not necessary to sustain a conviction of driving while intoxicated. See *State* v. *Englehart*, 158 Conn. 117, 119–20, 256 A.2d 231 (1969) (although no witness produced who actually saw defendant operating vehicle, defendant's conviction of driving while under influence of intoxicating liquor supported by circumstantial evidence); *State* v. *Kreske*, 130 Conn. 558, 563–64, 36 A.2d 389 (1944) (direct testimony by eyewitness that defendant operated motor vehicle while under influence of intoxicating

liquor not necessary for conviction). We see no reason why the rule should be any different to meet the less stringent probable cause standard.

The defendant further claims that the state could not have proven the element of operation beyond a reasonable doubt. Operation is a question of fact for the trier. *O'Rourke* v. *Commissioner of Motor Vehicles*, 33 Conn. App. 501, 505, 636 A.2d 409, cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994). "Proof beyond a reasonable doubt means proof which precludes every reasonable hypothesis of innocence, is consistent with guilt, and is inconsistent with any other rational conclusion. . . . It need not, however, preclude every possible hypothesis of innocence." (Citation omitted.) *State* v. *McShea*, 11 Conn. App. 338, 340, 527 A.2d 1 (1987).

In addition, our Supreme Court's decision in *State* v. *Englehart*, supra, 158 Conn. 117, is instructive with regard to the type of evidence that may be used. "The burden of proof of [the element of operation] could be met by direct evidence or circumstantial evidence. . . . If evidence, whether direct or circumstantial, should convince a jury beyond a reasonable doubt that an accused is guilty, that is all that is required for a conviction." (Internal quotation marks omitted.) Id., 119. "It [is] unquestionably within the province of the jury to draw a reasonable and logical inference from the facts proved. The inference may be drawn as long as it comes only from, and bears a logical relation to, the other facts which have been proved and not from facts which are merely surmised. . . . Moreover, the inference which the jury [may draw must] be wholly consistent with the defendant's guilt and inconsistent with any other rational conclusion." (Citation omitted.) Id., 121.

Here, as we have noted, the police found the defendant in the driver's seat, unconscious, and slumped over onto the passenger seat of the car in the Holiday Inn

parking lot with the engine running and the interior light on. Several empty beer bottles were found on the floor of the car. When the police finally woke the defendant, he staggered out of his car. His breath smelled strongly of alcohol, his speech was slurred, he was disoriented, and he failed several field sobriety tests. The trial court properly concluded on the basis of the stipulated facts, that reasonable inferences could be drawn to prove beyond a reasonable doubt that the defendant operated his motor vehicle and that he did so while under the influence of liquor.

The defendant claims that his case is distinguishable from *Englehart*. That claim is based on the fact that, in *Englehart*, the defendant's motor vehicle was located in the roadway and, in this case, the defendant's vehicle was in a parking lot. Those factual differences do not constitute a meaningful distinction. Because § 14-227a (a) applies to vehicles in parking lots and the defendant failed to raise any issue concerning whether the Holiday Inn parking lot qualified under the statute, the defendant has abandoned any claim that the presence of his motor vehicle in this parking lot was not a "parking area for ten or more cars . . . ." See *State* v. *Maia*, 48 Conn. App. 677, 689 n.14, 712 A.2d 956, cert. denied, 245 Conn. 918, 717 A.2d 236 (1998) (appellate claims inadequately briefed deemed abandoned).

## II

The defendant next claims that the trial court improperly refused to suppress the results of his urine tests because the tests were not commenced within two hours of operation, as required by § 14-227a (c). The trial court found that, at the police station, the defendant stated that he had consumed six beers between 10 p.m. and 11:30 p.m. at his apartment in Branford. The court also found that the first urine test was given at 12:15 a.m. The trial court reasoned that, because the

defendant had been drinking in his apartment between 10:00 and 11:30 p.m. and was found in the parking lot shortly thereafter, "it is reasonable to conclude that after drinking the six beers he got in his car and drove to the Holiday Inn. Even had he left his house at 10 p.m. (which is unlikely as defendant stated he did not *begin* drinking until 10 p.m.), the first test was clearly within two hours allowing for driving time. It is more likely that it took defendant some time to consume six beers if he started at 10 p.m. One could reasonably conclude both tests were within two hours." (Emphasis in original.) On the basis of the stipulated facts and the inferences that could be reasonably drawn, the trial court reasonably concluded that the test was commenced within two hours of operation as required by § 14-227a (c).

The judgment is affirmed.

In this opinion the other judges concurred.