[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, James Alan Tucker, appeals from a decision of the defendant. Commissioner of the State of Connecticut Department of Motor Vehicles ("DMV"), suspending his motor vehicle operator's license for a period of one year.[1]
Connecticut's Implied Consent Law, General Statutes § 14-227b, mandates a license suspension for the refusal to submit to blood alcohol content testing by one who has been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff, who is aggrieved, brings this appeal pursuant to General Statutes § 4-183 and contends that there was insufficient evidence of his operation of a motor vehicle to sustain DMV's decision.
The plaintiff was stopped on March 7, 1999 at 12:36 a.m., on East Main Street in Branford, Connecticut, by Branford Police Sergeant Morgan. Sergeant Morgan's attention had been "drawn to a vehicle being operated by Tucker as an occupant of his vehicle appeared to be urinating at the ATM machine of the Bank of Boston." (Return of Record ("ROR"), Item 4, State's Exhibit A.) Sergeant Morgan spoke with the plaintiff and detected an odor of CT Page 12204 alcohol on the plaintiffs breath. The plaintiff admitted that he had been drinking beer. The plaintiff had watery eyes and slurred speech. The plaintiff was then removed from his vehicle and consented to performing field sobriety tests. The plaintiff performed poorly on the horizontal gaze nystagmus test, and the one leg stand, refused to perform the walk-and-turn test, was twice unable to recite the alphabet, and unable to count backwards from 100 by 5's. Consequently, the plaintiff was placed under arrest for driving while intoxicated and transported to police headquarters. There he was advised of his Miranda warnings and allowed to contact his mother. Subsequently, the plaintiff refused to submit to blood alcohol content testing. The plaintiff also refused to answer all questions on the interview form within the A-44.[2] The foregoing facts are contained within the A-44 form and attached Branford Police Department per se DWI report, which was introduced as a part of State's Exhibit A at the administrative hearing.
The administrative hearing in this case was conducted before Attorney Michael Ross, hearing officer, DMV, on April 16, 1999. Under General Statutes § 14-227b(g), the hearing conducted before the hearing officer was limited to a determination of the following four issues: (1) did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis; and (4) was such person operating the motor vehicle. In this type of administrative appeal, the plaintiff bears the burden of proving that the DMV decision to suspend his motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see also Lawrence v. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied, 431 U.S. 969 (1977).
The sole issue in this administrative appeal is whether the DMV decision to suspend the plaintiffs motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record that the plaintiff was operating a motor vehicle. "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether CT Page 12205 the conclusions drawn from those facts are reasonable . . . Substantial evidence exists if the administrative records affords a substantial basis of fact from which the fact and in issue can be reasonably inferred . . . The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury . . . [I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld . . . (Citations omitted; internal quotation marks omitted.) Bialowas v. Commissioner of Motor Vehicles,44 Conn. App. 702, 709 (1997).
Here, the per se DWI report prepared by Sergeant Morgan began: "My attention was drawn to a vehicle being operated by Tucker as an occupant of his vehicle appeared to be urinating at the ATM machine of the Bank of Boston. After speaking with the occupant, I spoke with Tucker who was operating the vehicle (vehicle was standing and running in the parking area of 10 or more cars.)" (ROR, Item 4, State's Exhibit A.) Standing alone, Sergeant Tucker's report constitutes substantial evidence of operation of the motor vehicle by the plaintiff.
Proof of operation is a factual determination. O'Rourke v.Commissioner of Motor Vehicles, 33 Conn. App. 501, 505, cert. denied, 229 Conn. 909 (1994). Sergeant Morgan's report, which indicates that his attention was drawn to a vehicle being operated by the plaintiff and that he spoke with the plaintiff who was operating the vehicle that was standing and running in the parking area, constitutes substantial evidence of operation of the motor vehicle. Kirei v. Hadley, 47 Conn. App. 451, 455
(1998). However, a direct observation of the plaintiff operating the motor vehicle is unnecessary, given those surrounding facts recited by Sergeant Morgan. Id.
Even in the criminal context, the law is clear that direct eye witness testimony concerning operation is not required to sustain a conviction of driving while intoxicated. State v.Angueira, 51 Conn. App. 782, 787 (1999); see also State v.Englehart, 158 Conn. 117, 119-20 (1969). Absolute proof that the plaintiff was operating a motor vehicle is simply not required at a DMV suspension hearing. Schuh v. Commissioner of MotorVehicles, 48 Conn. App. 547, 551, cert. denied, 245 Conn. 924
(1998). CT Page 12206
The plaintiff argues that in order to prove operation the state needed to prove that the operator (1) manipulated the machinery of the motor; (2) was in the vehicle; and (3) was in a position to control its movements. State v. Swift, 125 Conn. 399
(1939). In Swift, the court approved an instruction that "[a] person operates a motor vehicle within the meaning of this statute, when in the vehicle he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle." Id., 403. The plaintiff here contends that he did not manipulate the machinery. However, the Appellate Court clarified the meaning of operation in State v. Ducatt, 22 Conn. App. 88 (1990), stating that the requisite intent could be merely "to engage the ignition or manipulate the gearshift or release the parking brake." Id., 92. Again, in the present case, the evidence was that the plaintiff was seated in the driver's seat of the vehicle with the engine running when approached by Sergeant Morgan.
The plaintiff relies on his testimony and that of another occupant of his vehicle, Christopher Aaron Deneen, that it was Mr. Deneen who in fact was operating the vehicle at the time in question. However, the mere possibility of drawing two different conclusions from the evidence does not prevent an agency's determination from being supported by substantial evidence.Newtown v. Keeney, 234 Conn. 312, 320 (1995), quoting Samperi v.Inland Wetlands Agency, 226 Conn. 579, 587-88 (1993). The DMV hearing officer was under no obligation to accept the plaintiffs explanation of events and evidence. Clearly, the hearing officer was entitled to "believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." Bancroft v.Commissioner of Motor Vehicles, 48 Conn. App. 391, 400, cert. denied, 245 Conn. 917 (1998); see also Settani v. Commissioner ofMotor Vehicles, 48 Conn. App. 418, cert. denied, 245 Conn. 916
(1998). Additionally, in terms of the intent necessary for operation, the plaintiff testified that he had been.a passenger in the car while Aaron Deneen was driving. The plaintiff further testified that when Deneen went to the ATM machine, the plaintiff slid from the passenger side to the driver's side of the vehicle, which was running, because when "he was driving my car, I wasn't comfortable with him driving my car, you know." (ROR, Transcript pp. 8-9.) The hearing officer was entitled to draw an inference that the plaintiff possessed the requisite intent for operation, based upon the plaintiffs testimony.
Finally, the state notes that neither the police report nor CT Page 12207 the testimony of the plaintiff at the hearing claim that the plaintiff informed the police officer that his friend, not the plaintiff, was the operator of the motor vehicle. The state argues that under the circumstances it is reasonable and natural that the plaintiff would have sought to contradict or reply to the police questioning and test requests by asserting that he was not the driver, given the seriousness of the situation, especially as a repeat offender. The failure of a person to contradict or reply to the statement of another person made in his presence and hearing may amount to an admission, providing the person remaining silent actually heard and understood the statement, was not prevented or disabled from replying, and the statement would naturally call for an answer. Obermeier v.Nielsen, 158 Conn. 8, 11-12 (1969); Roberto v. Honeywell, Inc.,43 Conn. App. 161, 166, cert. denied, 239 Conn. 941 (1996).
Here, the circumstances naturally called for a reply from the plaintiff after having been found by the police in the operator's seat of his automobile, with the engine running, the odor of alcohol on his breath, watery eyes and slurred speech, and having been asked to complete field sobriety tests. The plaintiffs silence could have been construed as an admission by the hearing officer. However, even without this admission by silence, there was substantial evidence in the record supporting the hearing officer's determination that there had been operation by the plaintiff.
Based on all of the foregoing, the decision of the DMV to suspend the plaintiffs Connecticut operator's license for one year will not be disturbed. The administrative record contains substantial evidence on which the hearing officer could have reasonably based his findings. Accordingly, the plaintiffs administrative appeal from the DMV order is, therefore, dismissed.
Michael Hartmere, Judge