[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The Plaintiff Hector Anderson brings this negligence action against the Defendant State of Connecticut and two of its officials, John Armstrong, Commissioner of Corrections, and Evelyn Bush, Warden of the Manson Youth Institution.[1] The Plaintiff alleges that he was injured while exiting from a parked prisoner transport vehicle.
The Defendants have moved to dismiss this action for lack of subject matter jurisdiction under the doctrine of sovereign immunity. A motion to dismiss is the procedurally proper method to raise this issue. Practice Book §§ 10-31 and 10-33.
In ruling on a motion to dismiss, the court must construe the facts alleged in the complaint, including those necessarily implied from the allegations, in a manner most favorable to the plaintiff. Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998). The doctrine of sovereign immunity provides that the State is immune from suit unless it consents to be sued. White v.Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). It extends to negligence actions against individual State officials and employees acting within the scope of their authority, as the State can only act through its officers and agents. General Statutes § 4-165; Horton v. Meskill, 172 Conn. 615, 623,376 A.2d 359 (1977). Sovereign immunity may be waived only through a statute. Struckman v. Burns, 205 Conn. 542, 558, 534 A.2d 888
(1987). Any statutory waiver of immunity must be strictly construed. Id.
The Defendants argue that the two individually named defendants are immune from suit based on Conn. Gen. Stat. § 4-165. As to the State, the Defendants argue that the plaintiff has not sought permission from the Claims Commissioner to sue the State, as required by Chapter 53 of the General Statutes. The Plaintiff argues, however, that § 52-556 provides him with the statutory right to sue the State without requiring him to seek permission first.[2] Section 52-556 states:
 Actions for injuries caused by motor vehicles owned by the State. Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for CT Page 4674 such injury.
The issue before this Court, therefore, is whether the complaint sufficiently alleges that the injury occurred through the Defendants' actual or imputed negligence "when operating a motor vehicle." The complaint alleges that the Plaintiff was a passenger in a vehicle transporting him from one correctional facility to another (¶ 3); that when the transport vehicle reached the designated facility, it was parked by an employee and the Plaintiff was allowed to exit the vehicle by way of its steps (¶ 4); and while descending the steps, which were wet, he slipped and fell, causing the claimed injuries (¶ 5). The Court must determine whether or not at the time of the slip and fall the vehicle was "in operation" for purposes of General Statutes §52-556.
"The question of whether a particular statute or regulation applies to a given state of facts is a question of statutory interpretation. . . ." Plastic Distributors, Inc. v. Burns,5 Conn. App. 219, 225, 497 A.2d 1005 (1985). Statutory interpretation presents a question of law for the court. Robinsonv. Unemployment Security Board of Review, 181 Conn. 1, 6,434 A.2d 293 (1980).
Neither party has cited any case under § 52-556, appellate or otherwise, analogous to the facts alleged in this case, namely an injury occurring during a plaintiff's exiting from a then stopped vehicle in which he had been transported. Accordingly this is a case of first impression.
Operation of a motor vehicle occurs "when there is a setting in motion of the operative machinery of the vehicle, or there is a circumstance resulting from that movement or an activity incident to the movement of the vehicle from one place to another." Riverav. Fox, 20 Conn. App. 619, 624, 569 A.2d 1137, cert. denied215 Conn. 808, 576 A.2d 538 (1990). Rivera was an action brought under § 52-556 for wrongful death which resulted from a collision between the decedent's vehicle and a stationary, unoccupied truck owned by a department of the State. The truck had been parked on the highway two hours earlier with its strobe lights flashing to warn oncoming drivers that debris from a prior accident was being cleared. Summary judgment in favor of the defendant on the ground that the department truck was not in operation within the meaning of § 52-556 was affirmed. The truck was not parked incident to travel, but was being used as a warning signal. Id. CT Page 4675
Similarly, Jackson v. Johnson, 9 Conn. App. 290, 518 A.2d 666
(1986), cert. denied, 202 Conn. 804, 519 A.2d 1208 (1987), affirmed a summary judgment in favor of the defendant where the plaintiff, minor child of the defendant, was injured when he roller-skated into the bent antenna of a car which the defendant had parked in her driveway two days earlier because it was inoperable. The appeals court held that "[i]njuries sustained which are unrelated to the movement of the vehicle, or the circumstances of the movement of the vehicle, do not arise in the course of the operation of the motor vehicle." Jackson v.Johnson, supra 292.[3] Although Jackson was brought under General Statutes § 52-572c, which abrogates the doctrine of parental immunity in actions for personal injury resulting from the negligent operation of a motor vehicle, this definition of what qualifies as being "in the operation of the motor vehicle" is useful for our purposes here.
The Plaintiff urges this Court to adopt the position that entering and exiting a vehicle is necessarily incident to said vehicle's operation. The Defendants, however, maintain that a parked vehicle is not "in operation." While the foregoing cases held as a matter of law that the occurrence giving rise to the claimed injury was unrelated to the movement of the vehicle or the circumstances of or incident to such movement, and thus did not arise in the course of the "operation" of the motor vehicle, "[t]he term `operation' has been held to include situations in which the vehicle is parked or standing still provided that such a position is incident to travel." Jackson v. Johnson, supra, 292. Such a situation applies to the case now before this Court.
Herein, the circumstances surrounding the movement of the vehicle were that the Plaintiff was being transported from one facility to another. The transportation commenced when he entered the then presumably stopped vehicle and could not end until the intended destination was reached and Plaintiff was permitted to exit the vehicle. Hence, injuries sustained by the Plaintiff while exiting the vehicle, albeit a parked vehicle, were necessarily related to the circumstances of the movement of the vehicle. The entire process culminating with the exiting was "incident to travel." This action against the Defendant State of Connecticut is therefore authorized by General Statutes §52-556.
The action against the individual Defendants stands on a different footing. It is barred by General Statutes § 4-165, CT Page 4676 which protects state employees acting within the scope of their duties from lawsuits such as this grounded in negligence. That section provides that "[n]o state employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." There is no allegation that either of the individual Defendants was acting in a "wanton, reckless or malicious" manner, or otherwise than within the scope of his or her employment.
The Defendants' motion to dismiss is denied as to the Defendant State of Connecticut, and is granted as to the individual Defendants John Armstrong and Evelyn Burns.
David L. Fineberg Superior Court Judge