[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
The defendant was arrested on December 12, 2000 and was charged with one count of operation of a motor vehicle while under the influence of alcohol in violation of General Statutes § 14-227a. The defendant filed a motion to suppress on November 16, 2001. A hearing was held on January 14, 2002 where the only witness was the arresting officer, Tom CT Page 662 Lentini of the Berlin Police Department. Argument was subsequently heard and this court continued the matter until this date for its ruling. Specifically, the defendant seeks to suppress all statements made by him, the results of any field tests, and the results of any chemical analysis of his breath. As grounds for his motion to suppress, the defendant alleges that the officer lacked reasonable suspicion for the stop and seizure, and that he lacked probable cause for the arrest.
The defendant's first argument is that he was seized the moment Officer Lentini pulled in back of his vehicle and flashed the cruiser's lights, and that this was done without reasonable and articulable suspicion. He cites State v. Donahue, 251 Conn. 636, 742 A.2d 775 (1999), cert. denied, 531 U.S. 924, 121 S.Ct. 299, 148 L.Ed.2d 240 (2000), and Statev. Oquendo, 223 Conn. 635, 613A A.2d 1300 (1992), as his authority. Both of those cases stand for the proposition that "[a] person [is defined] as seized under our state constitution when by means of physical force or a show of authority, his freedom of movement is restrained. . . . In determining whether a seizure has occurred. so as to invoke the protections of our state constitution . . . a court is to consider whether in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." (Citations omitted; internal quotation marks omitted.) State v. Donahue, supra, 642-43; State v. Oquendo, supra, 647. Both decisions found, under the particular facts of each case, that the defendant was seized and that the police officer lacked reasonable and articulable suspicion for the seizure. See State v. Oquendo, supra, 656 ("We are persuaded that the informational basis advanced by [the officer] to justify his stop of the defendant, which [the officer] himself characterized as a `hunch,' was insufficient to support a reasonable and articulable suspicion."); Statev. Donahue, supra, 645 ("[W]e conclude that [the officer's] detention of the defendant was based on nothing more than the location of the defendant's vehicle at an early hour of the morning.")
The defendant argues that these two decisions are determinative of the issue presented in the case at bar. However, the present case is factually distinguishable. Officer Lentini testified that he and his partner[1] pulled their vehicle in back of the defendant's pickup truck as they saw it parked on the side of Christian Lane in Berlin with the engine running at 12:37 a.m. in an area where there is little room for stopping. He testified that the purpose of doing this was not to investigate possible criminal activity, but rather to check and see that everything was all right with the vehicle and with any occupants that may have been inside. He stated that this is normal procedure when a police officer sees a car parked in an area where cars don't usually park. The court finds that the officer's testimony in this regard is credible and that the officer's purpose was not to investigate possible criminal CT Page 663 activity. Therefore, the defendant was not seized when Officer Lentini parked in back of the defendant's vehicle. See Donoghue v. Commissioner ofMotor Vehicles, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 571195 (October 21, 1997, DiPentima, J.), aff'd,52 Conn. App. 902, 727 A.2d 821 (1999) ("[T]he police did not stop or detain [the plaintiff] prior to determining there was probable cause to arrest her. A state trooper patrolling Route 1-84 at 2:40 [a.m.] observed the plaintiffs vehicle on the shoulder of the highway, stopped, brake lights on. . . . [The officer] would have been derelict in her duties if she had not investigated the circumstances surrounding a lone vehicle stopped at 2:00 a.m. with the driver slumped in his seat.")
The reasonable suspicion to seize or detain the defendant did not occur until after the officer pulled in back of the defendant's truck and the defendant began speaking to the officer. Officer Lentini testified that after he began to approach the defendant's vehicle, the defendant exited from the driver's side door. Officer Lentini asked the defendant why he parked there, and the defendant answered that it was to relieve himself. The officer then smelled an odor of alcohol on the defendant's breath. Lentini asked the defendant if he had been drinking before driving the vehicle to that spot, and the defendant admitted to drinking a few beers before driving. The officer was able to determine that the defendant was the only occupant of the vehicle. Lentini testified that it was at this point that the defendant was not free to leave.
"Under the fourth amendment to the United States constitution and article first, §§ 7 and 9. of our state constitution, a police officer is permitted in appropriate circumstances and in an appropriate manner to detain an individual for investigative purposes if the officer believes, based on a reasonable and articulable suspicion that the individual is engaged in criminal activity, even if there is no probable cause to make an arrest. . . . Reasonable and articulable suspicion is an objective standard that focuses not on the actual state of mind of the police officer, but on whether a reasonable person. having the information available to and known by the police. would have had that level of suspicion. . . . [I]n justifying [a] particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." (Citations omitted; internal quotation marks omitted.) State v. Lipscomb, 258 Conn. 68, 75, 779 A.2d 88 (2001).
The court concludes that Officer Lentini had reasonable and articulable suspicion of criminal activity to justify detaining the defendant and requesting that he perform field sobriety tests. The defendant admitted that he had consumed a few beers before driving the vehicle, he admitted stopping for the purpose of relieving himself, the officer smelled the CT Page 664 odor of alcohol on his breath, he was the only occupant of the vehicle and the engine was running. See State v. Lamme, 19 Conn. App. 594, 600,563 A.2d 1372, cert. granted in part, 212 Conn. 820, 565 A.2d 541
(1989), and aff'd, 216 Conn. 172, 579 A.2d 484 (1990) ("[R]oadside sobriety tests that do not involve long delay or unreasonable intrusion, although searches under the fourth amendment, may be justified by an officer's reasonable suspicion (based on specific, articulable facts) that the driver is intoxicated.") (Internal quotation marks omitted.)
Officer Lentini asked the defendant for his consent to administer field sobriety tests and the defendant gave his consent. The officer testified that the defendant failed all three tests, and the defendant was subsequently placed under arrest for operating a motor vehicle while under the influence of alcohol. The defendant argues that the officer lacked probable cause to arrest him, particularly because the defendant failed only one aspect of each of the three tests.
"Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that [an offense] had been committed." State v.Angueira, 51 Conn. App. 782, 787, 725 A.2d 967 (1999). The defendant does not cite any authority for the proposition that he must fail more than one aspect of each test before a police officer administering field sobriety tests can determine that probable cause exists to make an arrest. The officer's determination that the defendant failed all three field sobriety tests, together with his observations of the defendant and the defendant's own admissions provided sufficient probable cause for Officer Lentini to place the defendant under arrest for operation of a motor vehicle while under the influence of alcohol.
Therefore, the defendant's motion to suppress is denied.
BY THE COURT,
Owens, J.