CLAUDETTE RIVERA, ADMINISTRATRIX (ESTATE OF RAFAEL C. RIVERA), ET AL. *v.* DAVID FOX ET AL. (7754)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued October 13, 1989—decision released February 6, 1990

*Steven W. Varney,* with whom, on the brief, was *Ronald T. Scott,* for the appellant (plaintiff).

*Louis B. Blumenfeld,* with whom, on the brief, were *Paul T. Nowosadko* and *Lorinda S. Coon,* for the appellee (defendant department of transportation).

DUPONT, C. J. The subject of this appeal is a wrongful death action arising out of a collision between a motor vehicle operated by the plaintiff's decedent and a stationary, unoccupied truck owned by the defendant department of transportation (DOT). The sole issue on appeal is whether the trial court erred in granting a summary judgment in favor of the DOT.[1]

The relevant facts are undisputed. At about 7 p.m., on the evening of June 1, 1984, the named defendant, a state employee, drove a DOT truck to a point in the westbound lane of an interstate highway in order to assist in the cleanup of a fatal accident. He positioned the truck partly in the left travel lane of the highway and partly on the left shoulder and walked at least 500 feet to the site of that accident. He left the vehicle with its engine running and its strobe lights and four way flashers on and set up flares on the road behind the vehicle. His purpose was to alert oncoming drivers to debris from the accident that was obstructing the highway. Almost two hours later, while the employee was still working at the accident site, the decedent's vehicle collided with the truck and the decedent was killed.[2]

The plaintiff[3] brought suit against the defendants, alleging a statutory cause of action pursuant to Gen-

---

[1] The original defendants were the DOT; David Fox, an employee of the DOT; J. William Burns, the commissioner of the DOT; the division of state police, department of safety; and the state of Connecticut. The plaintiff subsequently withdrew her claims against the defendant David Fox.

[2] The record is unclear as to whether the motor was running, or whether the lights or the flares were visible at the time of the accident.

[3] The plaintiff is the wife of the decedent and originally sued both in her personal capacity and as administratrix of the decedent's estate. She subsequently withdrew her personal claim.

eral Statutes § 52-556. Section 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." The trial court determined that the DOT truck was not being "operated" within the meaning of the statute and granted the DOT's motion for summary judgment.

The plaintiff first argues that whether the truck was being operated within the meaning of the statute was a question of fact that should have been determined by a jury and not by the court on a motion for summary judgment.

"The question of whether a particular statute or regulation applies to a given state of facts is a question of statutory interpretation . . . ." *Plastic Distributors, Inc.* v. *Burns,* 5 Conn. App. 219, 225, 497 A.2d 1005 (1985). Statutory interpretation presents a question of law for the court. *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 6, 434 A.2d 293 (1980); *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 116, 186 A.2d 377 (1962). In the present case, the trial court determined, on the basis of undisputed facts, that the plaintiff did not have a cause of action against the DOT under § 52-556 because the DOT truck was not being operated within the meaning of the statute. This determination was an exercise of pure statutory construction by the court and did not involve the resolution of factual issues. Because no material fact was in dispute, summary judgment was proper if the court was correct in its interpretation and application of the statute to the facts.

The plaintiff next argues that the court erred in its conclusion that she had not stated a cause of action

under § 52-556 and in its conclusion that the DOT was entitled to judgment as a matter of law. It is well settled in Connecticut that, under the doctrine of sovereign immunity, the state cannot be sued unless, by legislative enactment, it consents. *Fidelity Bank* v. *State,* 166 Conn. 251, 253, 348 A.2d 633 (1974). General Statutes § 52-556 creates a cause of action against the state and represents a statutory exception to the common law rule of sovereign immunity. See *Seaberg* v. *State,* 4 Conn. Cir. Ct. 116, 119, 226 A.2d 401 (1966). As such, it must be narrowly construed. *Struckman* v. *Burns,* 205 Conn. 542, 558, 534 A.2d 888 (1987). "In the absence of clear legislative intent, this court will not interpret a statute as waiving the state's sovereign immunity." Id., 559. No legislative history exists to shed light on whether the legislature intended § 52-556 to cover cases where the motor vehicle is stopped, unoccupied, and being used to warn motorists of impending danger. We conclude, however, that the language of § 52-556 does not indicate a clear legislative intent to allow the state to be sued in such cases.

The trial court, without the benefit of a prior relevant judicial construction of § 52-556, impliedly concluded that the state cannot be liable under the statute unless the negligent operation of the state's motor vehicle is contemporaneous with the injury sustained. The defendant contends that the operation need not be contemporaneous with the injury but may occur at any time prior to the injury. The statute requires, before there can be a right of action against the state for the recovery of damages for injury to person or property, that there be "negligence of any state official or employee when operating a motor vehicle" owned by the state. The use of the phrase "when operating a motor vehicle" implies a simultaneousness of negligent operation and injury, because "when" denotes the time or exact moment at which something is done. Here, there was

no coalescence in time of the operation and the injury. Without temporal congruence, the state cannot be liable even if the negligent operation of a state owned motor vehicle by a state employee proximately caused the injury.

Although the very words of the statute provide a sufficient basis on which to determine when the operation must occur in order for state liability to attach, our view that summary judgment should have been granted is reinforced by existing cases that have defined "operation" of a motor vehicle within the context of other statutes.

In *Jackson* v. *Johnson,* 9 Conn. App. 290, 518 A.2d 666 (1986), cert. denied, 202 Conn. 804, 519 A.2d 1208 (1987), this court determined that the defendant was not "operating" a motor vehicle within the terms of General Statutes § 52-572c, a statutory exception to the doctrine of parental immunity. In that case, the defendant's minor son injured himself when he rollerskated into the defendant's parked, disabled car. We concluded that the vehicle was not in operation because the car was not stopped incident to travel or movement. Id., 292.

Cases interpreting General Statutes § 31-293a have employed reasoning similar to that in *Jackson.* See, e.g., *Dias* v. *Adams,* 189 Conn. 354, 456 A.2d 309 (1983); *Davey* v. *Pepperidge Farms, Inc.,* 180 Conn. 469, 429 A.2d 943 (1980); *Kegel* v. *McNeely,* 2 Conn. App. 174, 476 A.2d 641 (1984). That statute allows suits against a fellow employee in cases otherwise arising under the workers' compensation act only if the injury is caused by the fellow employee's negligent operation of a motor vehicle. In *Dias,* the plaintiff's decedent was killed when struck by the shovel of a backhoe operated by the defendant, a fellow employee. The court, focusing on the use of the vehicle, determined that the plain-

tiff's suit did not fall within the statutory exception carved out in § 31-293a because, at the time of the accident, the backhoe was performing a function unrelated to the movement of the vehicle itself. *Dias* v. *Adams,* supra, 359. In *Davey* v. *Pepperidge Farms, Inc.,* supra, while the court's conclusion that a hydraulic hoist was not a motor vehicle was dispositive of the appeal, the court noted that operation "relates to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle." Id., 472 n.1.

The general rule established by these cases and others in the context of various statutes is that operation of a motor vehicle occurs when there is a setting in motion of the operative machinery of the vehicle, or there is movement of the vehicle, or there is a circumstance resulting from that movement or an activity incident to the movement of the vehicle from one place to another. *State* v. *Swift,* 125 Conn. 399, 6 A.2d 359 (1939); *Stroud* v. *Water Commissioners,* 90 Conn. 412, 97 A. 336 (1916); see also *Conti* v. *Rose Hill Poultry Co.,* 3 Conn. App. 246, 486 A.2d 1145 (1985).

In the present case, both parties agree that at the time of the collision the DOT truck was being used as a warning signal. The truck was not parked incident to travel. It was placed on the highway, not because that was a convenient or an ordinarily appropriate place to park, but because its placement would alert drivers to the danger ahead. The trial court's conclusion that the DOT truck was not in operation within the meaning of § 52-556 is legally correct. The DOT, therefore, was entitled to judgment as a matter of law.

There is no error.

In this opinion the other judges concurred.