[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On June 8, 1990, the plaintiff, Noel Pasqua a/k/a Noel DeCaprio, filed a two count complaint against the defendants, CT Page 2607 Walter Purvis[1], the State of Connecticut (State, and the commissioner of Transportation of the State of Connecticut (commissioner). The first count alleges negligence against Purvis and the state, and the second count alleges a highway defect action against the commissioner. The plaintiff alleges that on December 4, 1986, she was traveling west in her vehicle on the Merritt Parkway when her vehicle skidded and struck the rear of a DOT dump truck parked in the left lane, which was owned and insured by the state and driven by Purvis. The plaintiff further alleges that she suffered injuries resulting from the accident.
The defendants argue that a common law negligence action cannot be maintained against the state, and if the plaintiff is suing under General Statutes § 52-556 she has not satisfied the elements of the statute or the requirements of Practice Book § 109a. The plaintiff maintains that she is proceeding under General Statutes § 52-556 and the facts are sufficient to support a cause of action under this statute.
"It is well settled in Connecticut that, under the doctrine of sovereign immunity, the state cannot be sued unless, by legislative enactment, it consents." Rivera v. Fox,20 Conn. App. 619, 622, 569 A.2d 1137, cert. denied, 215 Conn. 808,576 A.2d 538 (1990). Practice Book § 109A(a) provides that "[w]hen any claim made in a complaint . . . is grounded in statute, the statute shall be specifically identified by its number." In the present case, the plaintiff did not allege that count one was brought pursuant to General Statutes § 52-556. Nevertheless, it has been held "that the requirement of Practice Book § 109A is directory rather than mandatory." Rowe v.Godou, 12 Conn. App. 538, 542, reversed on other grounds,209 Conn. 273, 275 (1987).
The defendants also contend that the facts fail to support a cause of action brought pursuant to General Statutes § 52-556. General Statutes § 52-556 provides that "[a]ny person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."
The Appellate Court determined that "[t]he use of the phrase `when operating a motor vehicle' implies a simultaneousness of negligent operation and injury, because `when' denotes the time CT Page 2608 or exact moment at which something is done. . . . Without temporal congruence, the state cannot be liable even if the negligent operation of a state owned motor vehicle by a state employee proximately caused the injury." Rivera v. Fox, supra,20 Conn. App. 622-23. The court further stated that "operation of a motor vehicle occurs when there is a setting in motion of the operative machinery of the vehicle, or there is movement of the vehicle, or there is a circumstance resulting from that movement or an activity incident to the movement of the vehicle from one place to another." Id., 624.
The plaintiff argues that Rivera is distinguishable from the present case because the truck in that case was stationary at the time of the collision and in the period immediately preceding the collision, while here the truck had been moving shortly before the circumstances resulting from movement, and in this case the truck was part of a mobile warning system for a shifting work area, and therefore, despite being stopped at the time of the accident, travelling was an inherent part of its function.
The plaintiff's arguments are not persuasive. The plaintiff concedes in her complaint, memorandum, and deposition that the truck was not moving when she struck it with her vehicle. Furthermore, the deposition testimony of driver, Purvis, provided by the plaintiff demonstrates that he was standing outside of the truck as the plaintiff's vehicle approached. Although travel may be an inherent part of a mobile warning system, at the time of the collision the truck was not travelling. In Rivera, as in the present case, "the DOT truck was being used as a warning signal. The truck was not parked incident to travel. It was placed on the highway, not because that was a convenient or an ordinarily appropriate place to park, but because its placement would alert drivers to the danger ahead." Rivera v. Fox, supra,20 Conn. App. 624. The factual scenario in the present case is undisputed, and substantially the same as that in Rivera.
Therefore, there are no genuine issues of material fact, and the facts alleged by the plaintiff do not support a cause of action under General Statutes § 52-556. Accordingly, the defendants' motion for summary judgment is granted as to count one.
The defendants also argue that summary judgment should be granted as to count two because the count alleges a highway defect but does not cite General Statutes § 13a-144 in violation of Practice Book § 109A. The defendants further CT Page 2609 maintain that a highway defect action under General Statutes § 13a-144 only lies against the commissioner, who, the defendants claim, is not a party to this suit. The defendants also assert that the plaintiff has not alleged that the commissioner is the sole proximate cause of the action and that the plaintiff was in the exercise of due care. The plaintiff does not address the defendants' argument in her memorandum in opposition.
The requirements of Practice Book § 109A are directory rather than mandatory, and therefore, summary judgment cannot be granted on the basis of a failure to comply with its requirements.
Regarding the defendants' claim that the commissioner is not a party to this action, the plaintiff does allege in count two that "[i]t is the duty of the Commissioner of Transportation . . . to maintain and keep in repair the said route 15. . . ." Additionally, the return of service also indicates that the commissioner was served with process on December 5, 1988. The commissioner is a party to this suit.
The defendants also argue that the plaintiff has failed to allege that the commissioner of transportation is the sole proximate cause and that the plaintiff was in the exercise of due care at time of the accident.
The court in Agranov v. Guilford, 8 CSCR 322, 323 (February 16, 1993, Stanley, J.), held that "[s]ummary judgment, based on a plaintiff's failure to allege sole proximate cause, is inappropriate at the pleading stage of the cause. . . ." The court relied on other cases that have held that alleging the defendant was the cause of the plaintiff's injuries is sufficient. See Lamb v. Burns, 202 Conn. 158, 172-73,520 A.2d 190 (1987); Bellamy v. Burns, 2 CSCR 375 (February 24, 1987, Berdon, J.). Furthermore, "the greater weight of authority does not require sole proximate cause to be pled, but rather proved."Quarello v. City of Meriden, 2 Conn. L. Rptr. 675, 678 (October 10, 1990, Aronson, J.).
In the present case, the plaintiff alleges that it was the commissioner's duty to maintain and keep in repair route 15, and that the plaintiff's injuries were caused by the defendants' breach of this statutory duty. These allegations, viewed in the light most favorable to the plaintiff, sufficiently allege sole CT Page 2610 proximate cause. Furthermore, the plaintiff needs to plead either sole proximate cause or due care, not both as the defendants contend. See Steele v. Town of Stonington, Superior Court, Judicial District of New London at New London, Docket No. 510026 (July 31, 1991) Mihalakos, J.), reversed on other grounds,225 Conn. 217, 622 A.2d 551 (1993). The gravamen of what the plaintiff is required to plead is freedom from contributory negligence, which can be satisfied by alleging either sole proximate cause or due care. See Szachon v. Windsor,29 Conn. App. 791, 797, 618 A.2d (1992). As discussed above, the plaintiff has sufficiently alleged sole proximate cause and can support a cause of action under General Statutes § 13a-144. Accordingly, the defendants' motion for summary judgment is denied as to count two.
DEAN, J.