**NATIONAL CASUALTY COMPANY,**
Plaintiff,

v.

**CITY OF STAMFORD, Richard Priolo, and United States Fidelity & Guaranty Company, Defendants.**

No. 3:98CV370 (WWE).

United States District Court,
D. Connecticut.

June 25, 1999.

Michael G. Durham, Delaney, Zemetis, Donahue, Durham & Noonan, Guilford, CT, for National Cas. Co.

James V. Minor, Stamford, CT, for City of Stamford, Richard Priolo.

Philip T. Newbury, Jr., David S. Monastersky, Howd & Ludorf, Hartford, CT, for U.S. Fidelity & Guar. Co.

---

1. This, in itself, is sufficient for the grant of summary judgment. *See Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d Cir.1984) (no filing in compliance with local rule; granting summary judgment); *Scianna v. McGuire, et al.,*

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO THE CITY OF STANFORD AND RICHARD PRIOLO

EGINTON, Senior District Judge.

### INTRODUCTION

This is a two-count declaratory judgment action filed by plaintiff, National Casualty ("NC"), against three defendants, the City of Stamford (the "City"), Lieutenant Richard Priolo ("Priolo") and United States Fidelity & Guaranty Company ("USF & G"). NC seeks a coverage determination from this Court in connection with an underlying state court action, *Francisca Nunez, Administratrix et al. v. VPSI, et al.*, Civil Docket No. CV-97-034902S (the "Nunez Lawsuit"), pending in the Bridgeport Superior Court.

The present Motion for Summary Judgment is only as to the First Count of plaintiff's complaint and is directed solely to the City and Priolo.

### STATEMENT OF FACTS

■ The Statement of Facts is distilled from plaintiff's Local Rule 9(c)(1) Statement only, inasmuch as the City and Priolo did not file the required Local Rule 9(c)(2) Statement.[1]

On October 23, 1995, one Maria Isabel Nunez died from trauma and injuries sustained on October 21, 1995, when a van in which she was a passenger left the roadway westbound on West Broad Street in Stamford and struck a utility pole. The van was being operated by one Edgar Moran.

Francisca Nunez, individually and as administratrix of the estate of Maria, and Luis Nunez, filed the state court action previously noted, asserting that, among other defendants, Priolo is liable for the

1996 WL 684400 (D.Conn. March 21, 1996) (granting summary judgment). In a sense of judicial equity, however, this Court will decide this case on the merits.

death of Maria and for the loss of filial consortium.

The Nunez lawsuit alleges a total of forty-one (41) different violations of law against Priolo. Essentially, the Nunez plaintiffs allege that Priolo was negligent in engaging in a high-speed pursuit of the Moran van and in failing to conduct the pursuit in accordance with the City's Police Department Regulations and motor vehicle pursuit policy.

On October 21, 1995, the City was insured under a Comprehensive Law Enforcement Liability Policy issued by NC (the "NC Policy"). This policy provided coverage for certain occurrences arising out of the City's performance and/or other departmentally approved activities. The City asserts that the NC Policy requires NC to provide a defense to Priolo and to indemnify him for any damages awarded in the Nunez lawsuit.

The NC Policy provides, in pertinent part, the following exclusion:

### EXCLUSIONS

The Company shall not be obligated to make any payment nor to defend any **SUIT** in connection with any claim made against the **INSURED:**

  * * * * * *

(10) For **PERSONAL INJURY, BODILY INJURY, or PROPERTY DAMAGE** arising out of the ownership, maintenance, operation, use, loading or unloading of any:

(a) **AUTOMOBILE,** watercraft or aircraft owned by or rented or loaned to the **INSURED; or**

(b) To any other **AUTOMOBILE,** watercraft or aircraft operated by any person in the course of his employment by the **INSURED.**

(Emphasis in original).

On October 21, 1995, the City was also insured under an automobile liability insurance policy (the "USF & G Policy"). The City asserts that the USF & G policy requires USF & G to provide a defense to defendant Priolo and to indemnify him for any damages awarded in the Nunez lawsuit. In the Declaration page of the USF & G policy, the section entitled "Description of Covered Autos", the policy shows none to be covered. *See* ¶ 6.

NC asserts that it has no obligation to defend or indemnify Priolo in connection with the Nunez lawsuit because the only claims against Priolo arise out of Priolo's operation and use of an automobile and such auto-related claims are unambiguously excluded under the Policy.

## LEGAL ANALYSIS

### I. The Standard of Review

In a motion for summary judgment the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.C.V.P. 56(c). See also *Anderson v. Liberty Lobby,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23, 106 S.Ct. 2548. *Accord, Goenaga v. March of Dimes Birth Defects Foundation,* 51 F.3d 14, 18 (2d.Cir.1995) (movant's burden satisfied by showing if he can point to an absence of evidence to support an essential element of nonmoving party's claim).

The court is mandated to "resolve all ambiguities and draw all inferences in fa-

vor of the nonmoving party...." *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.), *cert. denied*, 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). If the nonmoving party submits evidence which is "merely colorable", or is not "significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

■ The determination of whether the language in an automobile exclusion operates to exclude coverage under the NC Policy is a question of law which can be determined by the Court on a motion for summary judgment. *Rivera v. Fox*, 20 Conn.App. 619, 621, 569 A.2d 1137 (1990) (proper for trial court to decide on summary judgment whether statutory language "operating a motor vehicle" applied to permit suit against defendant).

## II. *The Standard As Applied*

■ The question of whether NC had a duty to defend or indemnify depends on whether the complaint in the underlying action against Priolo stated facts which appeared to bring the injury within the policy coverage. *Connecticut Co. v. Mongillo*, 144 Conn. 200, 204, 128 A.2d 528 (1957).

In *Rivera, supra*, the Appellate Court defined "operation of a motor vehicle" as when "there is a setting in motion of the operative machinery of the vehicle, or there is a movement of the vehicle, or there is a circumstance resulting from that movement or an activity incident to the movement of the vehicle from one place to another." 20 Conn.App. at 624, 569 A.2d 1137. When Priolo put on his lights and attempted to pull the van over for running a red light he was "operating a motor vehicle."

■ To determine whether coverage exists under the NC Policy, the operative document to be reviewed is the complaint in the underlying action. *Missionaries of the Company of Mary v. Aetna Casualty and Surety Co.*, 155 Conn. 104, 110, 230 A.2d 21 (1967). As noted earlier, the forty-one (41) allegations against Priolo sound in negligence. To be negligent, one must breach a duty of care, proximately causing the injuries complained of. There need not be just one proximate cause pleaded. The negligence as pleaded in the underlying lawsuit names numerous defendants, including Priolo. It is alleged that Priolo's negligence arises out of Priolo's use of his police vehicle, which use is claimed to be a cause of the injuries and death of Maria. Those sections of the underlying complaint which essentially allege that Priolo failed to conduct himself during the pursuit in accordance with the City's police department's regulations and pursuit policy are "activities incident to the movement" and "circumstances resulting from the movement of the police vehicle."

■ An insurance policy, like any other contract, must be given a reasonable interpretation and the words used are to be given their common, ordinary and customary meaning. "Although ambiguities are to be construed against the insurer, when the language is plain, no such construction is to be applied." *Izzo v. Colonial Penn. Ins. Co.*, 203 Conn. 305, 309–10, 524 A.2d 641 (1987). The NC exclusion, which states that NC shall not be obligated to defend any suit for **"PERSONAL INJURY, BODILY INJURY, OR PROPERTY DAMAGE** arising out of the ownership, maintenance, operation, use, loading or unloading of any: **AUTOMOBILE** ...." is in no way ambiguous, and needs no construction by this Court. It signifies that a causal relationship between the injury and the excluded activity, as defined in the NC Policy, removes the injury from the ambit of the policy's coverage. *Holy Trinity Church of God in Christ v. Aetna Casualty & Surety Co.*,

214 Conn. 216, 223 n. 5, 571 A.2d 107 (1990).

### CONCLUSION

Based upon a thorough review of the pertinent documents and the case law interpreting similar exclusionary clauses, the Court holds that the exclusion in the NC Policy is applicable to the underlying state action. As a result, NC has no duty to defend or indemnify Priolo in that action.

The Motion for Summary Judgment as to the First Count in the present case [Doc. No. 15] is GRANTED. The Clerk is directed to enter judgment in favor of plaintiff as to that Count.

SO ORDERED