[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought this wrongful death action arising out of the collision of a motor vehicle operated by the plaintiffs decedent and a truck owned by the defendant department of transportation (DOT). The defendant's motion for summary judgment claims that the waiver of sovereign immunity under section 52-556[1] of the General Statutes is inapplicable because the DOT vehicle was not being "operated" at the time of the collision. The plaintiff opposes summary judgment by arguing that the facts of this case present a genuine issue of material fact as to whether the vehicle was being operated. For the reasons stated below, the court grants the defendant's motion and enters judgment for the defendant.
A court will grant summary judgment if, viewing the evidence in the light most favorable to the non-moving party, Elliot v.Waterbury, 245 Conn. App. 385, 715 A.2d 27 (1998), there is no genuine issue of material fact and the moving party would be entitled to a directed verdict on those facts. Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982). A material fact is one that will make difference in the result of the case. Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. NewBritain General Hospital, 239 Conn. 564, 582, 687 A.2d 111
CT Page 1547 (1996). A party opposing summary judgment however, "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclose the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence. properly presented to the court [in support of] a motion for summary judgment." Home Ins.Co. v. Aetna Life and Casualty Co., 235 Conn. 202, 663 A.2d 1001
(1995). Summary judgment shall be rendered forthwith "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Section 17-49.
The facts essential for deciding this motion are not disputed. On February 8, 1996, Clyde Brown, an employee of the state DOT, was assigned to a DOT truck involved in the collision with a motor vehicle operated by plaintiff's decedent, Michael Michaud. For the purpose of the present motion, the parties have stipulated to the following facts as true at the time of the collision. The DOT truck was stopped alongside Interstate 84 with part of the truck in the left-hand median and part in the left lane of the highway. The DOT truck had its strobe light activated and its arrow lights flashing. It was one of five vehicles positioned to alert other drivers that a pothole patching operation was in progress in an area ahead. The DOT vehicle had been stopped for approximately five minutes before the collision. The engine of the DOT truck was running and Brown was seated in the front driver's seat.
The sole issue presented on summary judgment here is whether these facts establish that the vehicle was not being "operated" for purposes of waiving sovereign immunity under General Statute § 52-556. The leading case on this issue is Rivera v. Fox,20 Conn. App. 619, 569 A.2d 1137 (1990), where the court upheld the granting of summary judgment in favor of DOT in a wrongful death under similar circumstances.[2] The court there held that the issue of operation was a question of law to be determined by the court.[3] Furthermore, the court stated the relevant test for construing § 52-556 to decide whether a DOT truck is being operated as follows:
 The use of the phrase "when operating a motor vehicle" implies a simultaneousness of negligent operation and injury, because "when" denotes the time or exact moment at which something is CT Page 1548 done. Here, there was no coalescence in time of the operation and the injury.
. . . .
 Without temporal congruence, the state cannot be liable even if the negligent operation of a state owned motor vehicle by a state employee proximately caused the injury. . . . [O]peration of a motor vehicle occurs when there is a setting in motion of the operative machinery of the vehicle; or there is movement of the vehicle, or there is a circumstance resulting from that movement or an activity incident to the movement of the vehicle from one place to another.
Id. at 622-624.
The plaintiff claims that two facts distinguish this case fromRivera and require the court to deny summary judgment: The DOT truck here was occupied at the time of the collision; and it had been parked for only five minutes when the collision occurred. Neither of these facts, however, is material, in the sense that they would permit a different outcome. Whether the former driver of the truck is inside the vehicle (as here) at the time of a collision, or 500 feet away (as in Rivera) does not change the fundamental usage of the vehicle in either case: "at the time of the collision the DOT truck was being used as a warning signal and not as a motor vehicle. The truck was not parked incident to travel. It was placed on the highway, not because that was a convenient or an ordinarily appropriate place to park, but because its placement would alert drivers to the danger ahead."Rivera v. Fox, supra, 20 Conn. App. 624. Similarly, the length of time that the DOT truck had been used as a warning signal, whether five minutes or two hours, does not change that usage.
In this case, as in Rivera, there is no "temporal congruence" between operation and injury. Operation of the truck as a vehicle had ceased. The vehicle had become a warning signal instead, its presence intended to alert drivers to road hazards ahead.
The plaintiff's opposition to summary judgment submitted three exhibits, none of which the court can consider on summary judgment. Exhibit A, a police report, consists only of hearsay evidence since not based on personal observation of the officer. Exhibit B, an unsworn statement of Clyde Brown, the DOT truck driver, is also hearsay. Exhibit C is a copy of a civil complaint CT Page 1549 filed by Brown against plaintiff's deceased. That complaint includes allegations that Brown "was the operator of a DOT truck" and that "the plaintiff's decedent struck the rear of the vehicleoperated by Mr. Brown." (Emphasis in original.) As the defendant points out, however, although the driver Brown is a state employee, hearsay statements that he makes are not vicarious admissions binding the state because there is no evidence that the state, as principal, authorized him to make such admissions.
Under Practice Book Section 17-45 documents submitted in support of or opposition to motions for summary judgment must be probative — either in the form of affidavit, sworn testimony, or other documentary evidence. Hearsay evidence is not sufficient to establish a material fact on a motion for summary judgment. 2830 Whitney Ave. v. Heritage Can. Dev. Assoc.,33 Conn. App. 563, 568, 636 A.2d 1377 (1994). Plaintiff's Exhibits A, B, and C are all three hearsay allegations that do not establish a material fact to be in dispute.
Based on the foregoing, the court finds that there are no material facts in dispute. The stipulated facts establish as a matter of law that the DOT truck was not being "operated" within the meaning of § 52-556 at the time of the collision. Accordingly, the plaintiff does not have a cause of action against the DOT under that statute and the court hereby grants the defendant's motion for summary judgment.
BY THE COURT
Stephen F. Frazzini, Judge of the Superior Court