[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, State of Connecticut has moved to dismiss this action on the ground that the court lacks subject matter jurisdiction. Specifically, the defendant argues that the state is immune from suit based on the doctrine of sovereign immunity.
The plaintiff, Anthony Borkowski, commenced this action against the defendant, the State of Connecticut, alleging negligence pursuant to General Statutes § 52-556. The plaintiff alleges that he was a passenger in a vehicle that was owned and insured by the defendant and operated by an employee of the defendant. The plaintiff was being transported to a parking lot nearby his residence. While exiting the running vehicle, the plaintiff slipped and fell on ice that had accumulated on the exterior step of the vehicle. The plaintiff alleges that the operator of the vehicle was negligent in that she failed: to remove the accumulated ice, to warn the plaintiff of the dangerous conditions, to assist the plaintiff in exiting the van, to maintain the step from ice accumulation, and to inspect the step prior to the plaintiff's exiting the vehicle.
The defendant now moves to dismiss the action on the grounds that the court lacks subject matter jurisdiction because the defendant is immune from suit. The defendant asserts that the allegations of the complaint do not implicate the negligence of a state employee when operating a motor vehicle so as to bring the claim within the ambit of General Statutes § 52-556.[1] Specifically, the defendant argues that the plaintiff's claim is barred by the doctrine of sovereign immunity because there is no allegation that the plaintiff was injured through the negligence of the state employee while she was operating a motor vehicle as is required by § 52-556.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law CT Page 6424 and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Johnson v. Dept. of Public Health,48 Conn. App. 102, 107, 710 A.2d 176 (1998). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." Malasky v. Metal Products Corp., 44 Conn. App. 446, 452,689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539 (1997). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal DepositIns. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996). The doctrine provides that the state is immune from suit unless it consents to be sued. White v. Burns, 205 Conn. 542, 558, 534 A.2d 888
(1987). The right of action provided in General Statutes § 52-556
operates as a consent to sue the state of Connecticut. Babes v. Bennett,247 Conn. 256, 260, 721 A.2d 511 (1998).
The defendant relies on Rivera v. Fox, 20 Conn. App. 619, 569 A.2d 1137, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990) in its interpretation of the language of § 52-556. The court in Rivera described the operation of a motor vehicle, for the purposes of § 52-556, as follows: "operation of a motor vehicle occurs when there is a setting in motion of the operative machinery of the vehicle, or there is a circumstance resulting from that movement or an activity incident to the movement of the vehicle from one place to another." Rivera v. Fox, supra,20 Conn. App. 624. The defendant contends that the vehicle was not in operation, under § 52-556, at the time of the plaintiff's fall. The defendant further argues that the negligent actions of the operator had no correlation to the operation of the vehicle and, therefore, the present action does not fall within the definition of "when operating a motor vehicle" under § 52-556.
Although the court has found no appellate cases which resolve the present issue of whether § 52-556 includes injuries to an exiting passenger who was transported in a state vehicle, the issue was presented to the court in Anderson v. State, Superior Court, judicial district of, Docket No. 594481 (March 10, 2000, Fineberg, J.) (26 Conn.L.Rptr. 373). There the court stated that "the circumstances surrounding the movement of the vehicle were that the Plaintiff was being transported CT Page 6425 from one facility to another. The transportation commenced when he entered the then presumably stopped vehicle and could not end until the intended destination was reached and plaintiff was permitted to exit the vehicle. Hence, injuries sustained by the Plaintiff while exiting the vehicle, albeit a parked vehicle, were necessarily related to the circumstances of the movement of the vehicle. The entire process culminating with the exiting was `incident to travel.' This action against the Defendant State of Connecticut is therefore authorized by General Statutes § 52-556." Anderson v. State, supra,26 Conn.L.Rptr. 374. This court agrees with the holding and reasoning of Judge Fineberg. Entering and exiting a vehicle that is traveling to a destination is an integral part of the transportation and is therefore a circumstance that is "incident to the movement of the vehicle from one place to another."
Therefore, for the foregoing reasons, the defendant's motion to dismiss is denied.
Matasavage, J.