[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
In count one of this two-count personal injury action, the plaintiff, Josephine Garofalo, alleges that the defendant, state of Connecticut, through its employee, John Mansolf, negligently caused her injury when a school bus, owned by the state and operated by Mansolf, collided with a parked trailer in which she was an occupant.[1] Specifically, the plaintiff alleges that Mansolf made a temporary stop at a residence, parked the front of the bus facing the street at the top of the driveway of the residence and exited from the bus leaving several teenage students aboard with no supervision. While unattended and unsupervised, one of the students disengaged the brake of the bus causing it to roll across the street and collide into a trailer occupied by the plaintiff. The plaintiff asserts a right of action against the state pursuant to General Statutes § 52-556.[2] The state has now filed a motion to dismiss for lack of jurisdiction based on sovereign immunity.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer. 218 Conn. 531, 544, 590 A, 2d 914 (1991). "The motion to dismiss like a motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988); see also Ferreira v. Pringle, 255 Conn. 330, 346,766 A.2d 400 (2001). "[A]lthough allegations of fact are to be read broadly in favor of the plaintiff, allegations that state conclusions of law are not given such presumptive validity" Shay v. Rossi, 253 Conn. 134,141, 749 A.2d 1147 (2000). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Kizisv. Morse Diesel International, Inc., 260 Conn. 46, 51, 794 A.2d 498
(2002). "The plaintiff bears the burden of proving subject matter CT Page 16063 jurisdiction, whenever and however raised." Fink v. Golenbock,238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996).
The defendant contends that the plaintiff's claims do not fall within the scope of General Statutes § 52-556, an exception to the doctrine sovereign immunity. In support of its motion, the defendant argues that the plaintiff has failed to plead and prove (1) that the state employee was negligently "operating" a motor vehicle; or, (2) that any such negligent operation occurred "simultaneously" with the injury. For these reasons, the defendant argues that the plaintiff's claim is nothing more than a straightforward negligence claim over which the state claims commissioner has authority.
"Although the state generally is immune from suit, § 52-556
provides a cause of action against the state when any person is injured through the negligence of any state employee while operating a motor vehicle owned and insured by the state." Babes v. Bennett, 247 Conn. 256,260, 721 A.2d 511 (1998). The specific issue raised by the motion to dismiss is whether under the circumstances of this case, the state employee in question was negligent "when operating a motor vehicle," within the meaning of § 52-556.[3]
In Rivera v. Fox, 20 Conn. App. 619, 622-23, 569 A.2d 1137, cert. denied, 215 Conn. 808. 576 A.2c1 538 (1990), the Appellate Court addressed a similar case situation when the plaintiff collided with a department of transportation truck that was positioned partly on the left travel lane of the highway, unoccupied, with its engine running and its strobe lights and four way flashers on for the purpose of alerting oncoming drivers to debris from an accident ahead. The court found that the language of § 52-556 does not indicate a clear legislative intent to allow the state to be sued in such situations. Id., 622. The court reasoned: "The use of the phrase `when operating a motor vehicle' implies a simultaneousness of negligent operation and injury, because `when' denotes the time or exact moment at which something is done. . . . Without temporal congruence, the state cannot be liable even if the negligent operation of a state owned motor vehicle by a state employee proximately caused the injury." Id., 622-23. Thus, the Appellate Court upheld the trial court's conclusion that the plaintiff had not stated a cause of action under § 52-556 upon finding that "there was no coalescence in time of the operation and the injury." Id.
In the present case, the state employee's role in the events that led to the plaintiff's injuries allegedly consisted of transporting students in a bus, making a temporary stop at a residence by parking the bus in a driveway and exiting the bus while leaving teenage students aboard CT Page 16064 unsupervised. The plaintiff has alleged negligence of the state employee in the manner in which he parked the bus and in his permitting teenage students to remain in the bus unattended, Even if the court assumes that the state employee's actions proximately caused the plaintiff's injury, all of his actions preceded the immediate cause of the injury, which was the disengaging of the emergency brake by one of the teenage students aboard the parked bus. Thus, as in Rivera v. Fox, there was no coalescence, simultaneousness, or temporal congruence of the alleged negligent "operation" and the injury.
Nonetheless, the plaintiff counters that the bus was being "operated" by the state employee at the time the incident occurred. The plaintiff supports this argument by suggesting a broad interpretation of "operating a motor vehicle." In essence, the plaintiff asserts that "operating" the school bus should include everything in the time period from when the students originally boarded the bus until the students exited the bus at their final destination, regardless of what events may have occurred in between. The plaintiff contends that since the students did not disembark from the bus upon the state employee temporarily parking it, that this stop was not the vehicle's final destination. Therefore, the plaintiff claims that even though the state employee exited the bus prior to the accident, he was still "operating" the bus when a teenage student on the bus disengaged the brake causing the bus to roll down the driveway and into the trailer occupied by the plaintiff.
Despite the plaintiff's urging of such an expansive reading of §52-556, the court is required to narrowly construe this statutory exception to the common law rule of sovereign immunity. It is a "well settled principle that when the state waives sovereign immunity by statute a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . . Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Citations omitted; internal quotation marks omitted.) Babes v. Bennett, 247 Conn. 256, 262,721 A.2d 511 (1998).
Further, the legislature has not defined the term "operating" in the context of § 52-556. "Where a statute does not define a term it is appropriate to look to the common understanding expressed in the law and CT Page 16065 in dictionaries. . . . Words in a statute must be given their plain and ordinary meaning . . . unless the context indicates that a different meaning was intended. . . . see also General Statutes § 1-1 (a) (`[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language')." (Citations omitted; internal quotation marks omitted.) Cimochowski v.Hartford Public Schools, 261 Conn. 287, 307, 802 A.2d 800 (2002). In § 52-556, the legislature has employed the transitive verb form of the word "operate" in the phrase "operating a motor vehicle." Webster's Third New International Dictionary defines the transitive verb form of "operate" to mean "1: to cause to occur; bring about by or as if by the exertion of positive effort or influence; INITIATE . . . 2a; to cause to function [usually] by direct personal effort; WORK [operate] a car. . . ." Reading the allegations broadly in favor of the plaintiff, the state employee in this case did not cause the bus to function or exert positive effort or influence over the bus at the time of the incident. Therefore, the court finds that the "plain and ordinary meaning" of "operating a motor vehicle" does not include the situation where, as here, a state employee parked and exited a motor vehicle which another person later caused to move and injure a third party.
Finally, the plaintiff argues that its claim falls within § 52-556
since the injuries suffered by the plaintiff are "casually"[4]
connected to the state employee's control and direction of the bus. There is no authority to suggest, however, that "control and direction" is a standard to determine whether a state employee is "operating" a motor vehicle so as to fall within § 52-556.[5]
For the foregoing reasons, the court finds that the circumstances of the present case do not fall withing the statutory exception to sovereign immunity set forth in § 52-556. "When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. See General Statutes §§ 4-141 through 4-165b. The claims commissioner, if he deems it `just and equitable,' may sanction suit against the state on any claim `which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable.' General Statutes § 4-160 (a). This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provisions. General Statutes §§ 4-148 (b), 4-160." (Internal quotation marks omitted.) Krozser v. New Haven, 212 Conn. 415, 421,562 A.2d 1080, cert. denied, 493 U.S. 1036, 110 S.Ct. 757, 107 L.Ed.2d CT Page 16066 774 (1989).
The court finds that allegations of the plain tiff's complaint is a claim over which the claims commissioner has authority. This court lacks jurisdiction unless and until the claims commissioner authorizes suit and such authority is properly pleaded. Accordingly, the motion to dismiss is granted.
BY THE COURT
___________________ A. Susan Peck, Judge