DONNA J. PLANTE *v.* STATE OF CONNECTICUT
(AC 23998)

Foti, Schaller and Dranginis, Js.

---

Argued January 7—officially released April 13, 2004

*Robert T. Rimmer*, with whom, on the brief, were *Robert I. Reardon, Jr.*, and *Scott D. Camassar*, for the appellant (plaintiff).

*Linsley J. Barbato*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendants).

*Opinion*

DRANGINIS, J. This appeal arises out of a negligence action brought by the plaintiff, Donna J. Plante, against the defendants, the state of Connecticut and two of its employees, Gary Hover and Michael Ducharme, for injuries she allegedly sustained while operating a motorcycle owned by the state as part of a state conducted motorcycle education course. The plaintiff claims that the trial court improperly granted the defendants' motion to dismiss her case because (1) General Statutes § 52-556 applies to causes of action beyond those in which state employees are operators of state owned motor vehicles, and (2) negligent repair and control of the motorcycle by the state employees constituted operation of a motor vehicle within the meaning of § 52-556 to extend liability to Hover and Ducharme. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the plaintiff's appeal. In May, 2000, the plaintiff enrolled in a motorcycle education course at the Mohegan campus of Three Rivers Community College in Norwich. In her amended complaint, the plaintiff alleged that the state conducted the course, and owned, maintained and insured the motorcycles used by the students. During the training session of July 28, 2000, the plaintiff noticed that there were problems with her motorcycle. It had a loose brake, a clutch lever that rotated on the handle bar and a throttle that was stuck in the open position. The plaintiff brought these problems to the attention of her instructors, Hover and Ducharme, who failed to correct the problems.

The plaintiff further alleged that while she was operating the motorcycle, the throttle opened and stuck in that position, causing the motorcycle to accelerate. As a result, she was unable to slow the motorcycle, lost control and crashed. She claimed that her injuries were

directly and proximately caused by the negligence and carelessness of Hover and Ducharme. The plaintiff brought suit pursuant to § 52-556. The defendants subsequently filed a motion to dismiss, challenging the court's subject matter jurisdiction over the plaintiff's cause of action. The defendants argued that the plaintiff's claims against the state were not within the scope of § 52-556 and that the counts against the state employees were barred by General Statutes § 4-165. The defendants further argued that the plaintiff had failed to obtain the permission of the claims commissioner to sue the state employees. The plaintiff rebutted the defendants' arguments, claiming that her cause of action fell within § 52-556 because Hover and Ducharme, through their instruction and adjustment, had operated the motorcycle, causing injury to the plaintiff.

In a memorandum of decision, the court granted the defendants' motion to dismiss. The court concluded that § 52-556 applies only to causes of action concerning incidents in which a state employee operated the state owned and insured motor vehicle and that the plaintiff's allegation, that Hover and Ducharme's instruction and adjustment to the motorcycle constituted operation of a motorcycle, was not legally cognizable. The court further held that the plaintiff's claim against the state employees was barred by the doctrine of statutory immunity under § 4-165 because the plaintiff had failed to allege facts showing that Hover and Ducharme acted outside the scope of their employment or that they acted recklessly, maliciously or wantonly while conducting the motorcycle training course. The court did not address the defendants' final claim that the plaintiff failed to seek permission from the claims commissioner because it was moot in light of its finding that the court lacked subject matter jurisdiction over the plaintiff's cause of action. This appeal followed.

We begin by setting forth the standard of review that governs our analysis of the plaintiff's claims. "A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Emphasis in original; internal quotation marks omitted.) *East Hampton* v. *Dept. of Public Health*, 80 Conn. App. 248, 251, 834 A.2d 783 (2003), cert. denied, 267 Conn. 915, 841 A.2d 221 (2004).

I

The plaintiff first claims that § 52-556 should be construed to mean that if a person is injured when operating a motor vehicle owned and insured by the state and the injury is caused by the negligence of a state employee, that injured person shall have a right of action. Specifically, the plaintiff argues that the clause "when operating a motor vehicle" modifies the phrase "[a]ny person injured . . . ." We disagree.

At the outset, we note that "[i]t is well settled in Connecticut that, under the doctrine of sovereign immunity, the state cannot be sued unless, by legislative enactment, it consents. . . . General Statutes § 52-556 creates a cause of action against the state and represents a statutory exception to the common law rule of sovereign immunity." (Citation omitted.) *Rivera* v. *Fox*, 20 Conn. App. 619, 622, 569 A.2d 1137, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990). "[B]ecause the state has permitted itself to be sued in certain circumstances, this court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed. . . . Where there is any

doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." (Citations omitted.) *White* v. *Burns*, 213 Conn. 307, 312, 567 A.2d 1195 (1990).

The resolution of that issue is guided by well established principles of statutory construction. "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . *State* v. *Courchesne*, 262 Conn. 537, 577, 816 A.2d 562 (2003) (en banc). The language of the statute is the most important consideration in determining the meaning of the statute. Id. In addition, the legislature has stated that courts should first look to the plain meaning of the words of the statute when interpreting the statute's meaning. Public Acts 2003, No. 03-154." (Internal quotation marks omitted.) *State* v. *Groppi*, 81 Conn. App. 310, 317–18, 840 A.2d 42 (2004).

Our analysis begins with the text of the statute at issue. Section 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." On appeal, the plaintiff argues that the issue to be decided is whether the clause "when operating a motor vehicle owned and insured by the state" modifies the phrase

"[a]ny person," the phrase "any state official or employee" or both.

The plaintiff seeks to interpret § 52-556 broadly. In her ten page brief, she has not provided us with legislative history or citations to any legal authority, and we are aware of none, suggesting that the legislature intended to allow a cause of action against the state other than in circumstances described in the plain words of the statute, i.e., when a person authorized to operate a state owned motor vehicle operates it in a negligent manner and causes injury to another person. Our review of cases concerning § 52-556 reveals the manner in which the legislature intended the statute to be interpreted when it was enacted in 1927. See *Babes v. Bennett*, 247 Conn. 256, 260, 721 A.2d 511 (1998) ("§ 52-556 provides a cause of action against the state when any person is injured through the negligence of any state employee while operating a motor vehicle owned and insured by the state"); *Sullivan v. State*, 189 Conn. 550, 556 n.7, 457 A.2d 304 (1983) ("legislature enacted § 52-556 in 1927 [to grant] a cause of action to the general public against the state for negligent operation of motor vehicles by state employees").

In *Rivera v. Fox*, supra, 20 Conn. App. 619, we clarified how the word "when" was used in § 52-556 in relation to the time of operation of a motor vehicle and the occurrence of an injury. We stated that "[t]he statute requires, before there can be a right of action against the state for the recovery of damages for injury to person or property, that there be 'negligence of any state official or employee when operating a motor vehicle' owned by the state. The use of the phrase 'when operating a motor vehicle' implies simultaneous negligent operation and injury, because 'when' denotes the time or exact moment at which something is done." Id., 622. Under those circumstances, the operator of the motor

vehicle must be a state employee to trigger the statute and allow the state to be sued. That is not the case here.

"Given our obligation to construe [§ 52-556] strictly and to effect the least change in our law regarding sovereign immunity"; *Martinez* v. *Dept. of Public Safety*, 263 Conn. 74, 83, 818 A.2d 758 (2003); we conclude that the legislature did not intend the broad interpretation of the statute that the plaintiff asserts here. It is clear that the legislature intended to allow suit in the event of motor vehicle accidents caused by the negligent operation of one of its vehicles by a state employee or official.[1] Accordingly, the plaintiff's claim must fail.

## II

The plaintiff next claims that the negligent repair and control of the motorcycle by the state employees constitute operation of a vehicle within the meaning of § 52-556 to extend liability to Hover and Ducharme. The plaintiff also argues that the state's ownership and maintenance of the motorcycle, its duty to repair the motorcycle and its offering the education course to the public constitute "operation" within the meaning of the statute. We disagree.

In addressing the plaintiff's claim, we must define the term "operation" as set forth in § 52-556. "Operation" is not defined in General Statutes § 14-1; "operator," however, is defined in § 14-1 (a) (54) as "any person who operates a motor vehicle . . . ." General Statutes

---

[1] In other circumstances, an injured party claiming negligence against the state is required to seek the permission of the claims commissioner to bring suit against the state. "The legislature has established a system for the determination of claims against the state. General Statutes §§ 4-141 through 4-165b. A significant part of that system is the appointment of a claims commissioner; General Statutes §§ 4-142 and 4-142a; who is vested with sole authority to authorize suit against the state. General Statutes § 4-160 (a)." *Cooper* v. *Delta Chi Housing Corp. of Connecticut*, 41 Conn. App. 61, 64, 674 A.2d 858 (1996).

§ 14-1 (a) (54); see *Conti* v. *Rose Hill Poultry Co.*, 3 Conn. App. 246, 248, 486 A.2d 1145, cert. denied, 195 Conn. 802, 491 A.2d 1103 (1985). Although there is no statutory definition of operation, "[t]he general rule established by these cases and others in the context of various statutes is that operation of a motor vehicle occurs when there is a setting in motion of the operative machinery of the vehicle, or there is movement of the vehicle, or there is a circumstance resulting from that movement . . . from one place to another. *State* v. *Swift*, 125 Conn. 399, 6 A.2d 359 (1939); *Stroud* v. *Water Commissioners*, 90 Conn. 412, 97 A. 336 (1916); see also *Conti* v. *Rose Hill Poultry Co.*, [supra, 246]." *Rivera* v. *Fox*, supra, 20 Conn. App. 624.[2]

In the present case, Hover and Ducharme were not engaged in any activity related to setting the motorcycle in motion at the time of the accident. In her amended complaint, the plaintiff alleged that Hover and Ducharme negligently repaired certain parts of the motorcycle prior to the plaintiff's operating it, which led to her injuries. Their negligent repairs, however, do not constitute operation as defined by our statutes and case law. As previously noted, to constitute a cause of action under § 52-556, the injury must result from the negligent operation of a motor vehicle by a state employee or official. Accordingly, we cannot construe § 52-556 to extend liability to Hoover and Ducharme when they were not operating the motorcycle within the meaning of the statute.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The plaintiff cites Superior Court cases in an attempt to broaden the definition of "operation." The cases cited are factually distinguishable. They involved plaintiffs who suffered injuries resulting from a slip and fall while disembarking from state owned vehicles, which were operated by state employees. The cases simply are not relevant to the claim.